# W. H. BODEY ET AL. v. A. M. THACKARA ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY.

Argued February 5, 1891—Decided October 5, 1891.

[To be reported.]

(*a*) Sub-contractors filed a mechanics' lien to charge the real estate of a married woman, for materials furnished towards the erection of a

Statement of Facts.

dwelling-house upon the order of a contractor for the building under a written contract made with the husband alone. In a scire facias thereon, there was testimony tending to prove:

(b) That the wife examined the plans for the building; that the materials were furnished by the plaintiffs with her knowledge and consent; that they were reasonably necessary for, and were used in the improvement of her estate; and that, during the progress of the work, she was frequently present, directing as to the materials and as to the manner of construction:

1. The evidence sufficiently showing that the wife assented to the contract for the erection of the dwelling, as though it was in fact made in her behalf and for her benefit, it was not error to instruct the jury that if she knowingly received the materials and assented to their use in the improvement of her property, the plaintiffs were entitled to recover.*

2. It was not error to admit in evidence the original contract, and plaintiffs' books of original entry charging the materials furnished to the contractor "for Lieut. Thackara's house, Rosemont," as in the bill of particulars attached to the claim, and to exclude defendants' offer to prove payment by them of the contract price in full to the contractor.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 41 January Term 1891, Sup. Ct.; court below, No. 19 June Term 1888, M. L. D., C. P.

On January 28, 1889, William H. Bodey and James Livingston, trading as Bodey & Livingston, issued a scire facias sur mechanics' lien against Alexander M. Thackara and Eleanor Sherman Thackara, his wife, in right of said wife, owners or reputed owners, and L. W. Kitzelman, contractor. Issue.

At the trial on March 17, 1890, the plaintiffs offered the claim filed in evidence; admitted as evidence of the amount claimed, but not as evidence of any allegations contained therein.

The claim was filed on August 21, 1888, by Bodey & Livingston against "the building hereinafter mentioned, ground covered by building, and lot of ground and curtilage appurtenant," being lot No. 9 in the Tiers plan, Lower Merion township; for the sum of $1,395.12, being a balance for lumber and mill-work furnished by the claimants from June 30, 1877 to February 24, 1888, for and about the construction of "the said building and on the credit thereof." The claim averred, further, as follows:

---

* See Bevan v. Thackara, post, 182.

Statement of Facts.

2. " . . . . . The said building was erected by the direction, authority and consent of the said Eleanor Sherman Thackara, with the approval and consent of the husband, Alexander M. Thackara, and the said lumber and mill-work were used therein, and were reasonably necessary for the construction thereof and for the improvement of the separate estate of the said Eleanor Sherman Thackara, and were furnished under and in pursuance of a contract made by and between the said Eleanor Sherman Thackara and the said L. W. Kitzelman. The particular items, amounts, and dates when the said lumber and mill-work were furnished are specifically set forth in a bill hereto annexed and made part of this claim. Notice of the amount and character of said claim were given to said Alexander M. Thackara and Eleanor Sherman Thackara, his wife, in right of said wife, owners or reputed owners, their authorized agent and attorney, within ten days after said material was delivered upon the said premises.

3. " The said building is a dwelling-house two stories in height, with attic, etc."

The bill of particulars attached to said claim was headed as follows:

" NORRISTOWN, Pa., March 8, 1888.
" L. W. Kitzelman, for Lieut. Thackara's house, Rosemont.
" To Bodey & Livingston, Dr."

The plaintiffs then proved and offered in evidence their books of original entry showing an account therein containing the same items as the bill of particulars attached to the claim, and charged to " L. W. Kitzelman, for Lieut. Thackara's house, Rosemont." Objected to.

By the court: Objection overruled; offer admitted; exception.[1]

The plaintiffs also proved and offered in evidence a contract under seal, dated July 15, 1887, between A. M. Thackara, of the first part, and L. W. Kitzelman, of the second part,* " for the erection and completion of a stone and frame dwelling-house for the said party of the first part," in Rosemont, Montgomery county, under the direction of Amos J. Boyden, architect, in consideration of the sum of $8,135. The offer was objected to.

---

* See this contract more fully set out in Beven v. Thackara, post, 182.

Statement of Facts.

By the court: Objection overruled; offer admitted; exception.[2]

The plaintiffs then read in evidence a letter from Mrs. E. S. Thackara to the plaintiffs, dated November 1, 1887, as follows:

"DEAR SIRS: The wood sent so far is excellent and greatly admired, but the carpenters have lost so much time in waiting from day to day, that they are decreasing in number every day. They want wash boards, the door frames and window fittings. The Phila. Steam Hoisting people are to commence their finishing work to-morrow, and greatly fear they will be detained by the wash boards. Please push these parts and the doors through as soon as possible and greatly oblige."

A letter from Mrs. E. S. Thackara to the plaintiffs, dated November 29, 1887, also read in evidence, was as follows:

"DEAR SIRS: The work at the house is going on nicely, and your wood is very fine. May we count on your sending a good load this week, by Thursday? We want Mr. Kitzelman to put on seven carpenters, but he says you will not keep them in work. With a few lines from you, saying you will send the wood fast and constantly, I can urge him on."

The plaintiffs showed further that Mrs. Thackara was at the plaintiffs' mill two or three times with reference to the work; that she was at the building two or three times a week during its erection, and gave directions as to anything she wanted done about the work, and that the contractor saw her at the office of the architect, looking over the plans. It was also shown that the dwelling-house " was a reasonable and necessary improvement of the property, to correspond with the character of the other improvements about it."

The plaintiffs having rested, the defendants moved for a nonsuit, on the ground that it was then in evidence that the contract for the erection of the building was between Mr. Kitzelman and Lieut. A. M. Thackara. The motion being refused, the defendants offered to prove that they had paid the contract price for the erection of the house, in full, to Kitzelman, the contractor. Objected to.

By the court: Objection sustained; exception.[3]

The defendants then put in evidence a bill rendered to Lieut. Thackara for the plaintiffs' claim, and letters from the plaint-

iffs to Mr. Boyden the architect, relating to "Mr. Thackara's house, at Rosemont," and rested.

The case being closed on the testimony, the court, SWARTZ, P. J., charged the jury :

It seems that a contract was made by the husband, Lieut. Thackara, with one L. W. Kitzelman, contractor. This contract was in writing. The land upon which this house was erected was owned by the wife, and [I charge you that a husband cannot, by making a contract like this, charge his wife's property, unless it appears that she assented to such contract, or that the materials were furnished with her consent and knowledge, and that they were reasonably necessary for the improvement of her separate estate, and were used for such purpose. If she assented to the contract made by her husband in this respect, so that the contract made by him was really a contract for her; if she accepted the contract made by him and knowingly received the goods, assented to the application of the goods to the construction of her property, and the goods were reasonably necessary for the improvement of her property and were so used, she, assenting to it and having knowledge of it, is bound by the contract.] [4]

Now, you will take this testimony and ascertain whether she had knowledge of this contract and whether she did assent that her real estate should be so encumbered by the construction of this house, and the filing of mechanics' liens if there should be no payment for materials furnished. Did she assent to this, did she knowingly have these materials furnished ? You have heard the testimony on the part of the witnesses ; some letters that it is alleged she wrote and which were identified, and it seems from the uncontradicted testimony that she did write letters to Bodey & Livingston, and you will say whether that is any evidence, or sufficient evidence, together with the other facts and circumstances in this case, for you to say that this material was furnished for the improvement of her separate estate, with her knowledge and consent. If it was so furnished with her knowledge and consent, and was used in the property, and was reasonably necessary for the improvement of her separate estate, she would be liable. But you must find to your satisfaction, from the evidence in the case, that

Charge of Court below.

she assented to the encumbrance of her property, and that it was done with her knowledge; and you may take into consideration the fact that she was upon the premises when the work was done and gave directions, if you find she gave any directions, as to the material or manner of construction.    That is all that I need to say to you in this case, except that the $12.26 testified to, that was used for material in the construction of the stable, must be excluded from this case.    The lien is against the house, and the plaintiff, therefore, cannot recover for that amount of money, that being for the stable.

Now, there are several points submitted to me by the defendants, and I shall answer those, and leave the matter entirely with you.

1. Your verdict in any event in this case, gentlemen, in case it is for the plaintiffs, can only be for the amount and value of the materials which were actually used and applied in the construction of the dwelling-house. in question.

Answer: This is true.    Where a married woman's title is in question, where improvements are made to her separate estate, they must not only show materials furnished, but that they actually were used in the construction of the house.

4. Before the plaintiffs are entitled to recover at all, in this proceeding, they must prove that Mrs. Thackara made a contract to build this house with L. W. Kitzelman, the contractor; and if you find that Kitzelman made the contract with A. M. Thackara, her husband, as appears in the written contract, then your verdict must be for the defendants.

Answer: This is true, unless you also find that the contract was made by the husband for the wife, and that with her knowledge and assent the materials were furnished and used in the construction of the house, and were reasonably necessary for the improvement of her separate estate.[5]

5. If you believe and find that Bodey & Livingston did not know at the time they sold these materials to Kitzelman that the land upon which this house was erected belonged to Mrs. Thackara, but thought it belonged to A. M. Thackara, her husband, and so treated the transaction, as appears by the letters and books of charges of Bodey & Livingston, then your verdict should be for the defendants.

Answer: This is affirmed.    Of course if they treated the

Charge of Court below.

property in this way throughout, they could not recover; but, as I have just said, if you find that the contract was made by the husband for the wife, and that with her knowledge and assent the materials were furnished and used in the construction of the house, and were reasonably necessary for the improvement of her separate estate, then the plaintiffs in this case could recover.[7]

6. It is absolutely necessary to entitle Bodey & Livingston to recover in this proceeding, for you to find from the evidence that they sold and furnished these materials on the credit of the house and land in question, knowing that the same were the separate property and estate of Mrs. Thackara, and knowing also that she had made a contract with Kitzelman for its erection; for, if she did not authorize Kitzelman to build the house, he, Kitzelman, could not bind her estate by making a contract with Bodey & Livingston, and your verdict should be for the defendants.

Answer: This is refused as a whole; but it is true that unless Mrs. Thackara authorized Kitzelman to build the house, he, Kitzelman, could not bind her estate by making a contract with Bodey & Livingston; but you are to say whether the contract by the husband was made for the wife, with her knowledge and assent, and that the materials were furnished and used in the house, and were reasonably necessary for the improvement of her separate estate, and that they were so furnished with her knowledge and assent.[9]

7. It is an admitted fact in this case, that the contract for the building of this house was in writing, and was between L. W. Kitzelman and A. M. Thackara, not Mrs. Thackara; the presumption of law is, therefore, that these parties dealt with Kitzelman as contractor for A. M. Thackara; and hence it is absolutely necessary, in order for you to find a verdict for the plaintiffs, that you find that the contract with Kitzelman for the building of the house was either made personally by Mrs. Thackara, or in her name by her authority; and it is my duty to say to you, gentlemen, that there is no evidence of any contract in her name, for the contract is in the name of A. M. Thackara, the book of charge names A. M. Thackara, and not Mrs. Thackara, and the letters of plaintiffs inquiring for a set-

·Charge of Court below.

tlement look to Mr. Thackara; this being so, your verdict. should be for the defendants.

Answer: This is refused. It is true, as I have already stated, that if the contract were made with the husband, and there was nothing else in the case, he could not bind the wife and could not subject her property to this lien; but you are to take all the evidence in this case and determine what the contract was. If the contract was made by the husband, and the wife assented to it and had knowledge of the materials being furnished, if they were furnished with her assent, and were reasonably necessary for the construction of this house, for the improvement of her separate estate, and were so used, you would have a right to say that the plaintiffs should be compensated and paid for the bill which they claim before you, if you find that it is correct in charge. Of course they could not recover unless the bill is a fair charge, such as is in accordance with the ruling rates in the neighborhood where these materials were furnished.[11]

8. It is the law, gentlemen, and I so charge you, that the plaintiffs cannot recover in this proceeding, unless it is proven to your satisfaction that the materials furnished by the plaintiffs were necessary for the improvement of the separate estate of Mrs. Thackara; that the materials so furnished were actually used and applied in the construction of the house, and were furnished on the credit of Mrs. Thackara upon her contract with Kitzelman.

Answer: This is affirmed, except that it is not necessary that there should be direct testimony that they were furnished upon the credit of Mrs. Thackara. If they were furnished upon the credit of the building, and it shows that the materials were furnished with her knowledge and consent, and were reasonably necessary for the improvement of her separate estate, and were used for that purpose with her knowledge and consent, she would be liable, and it would not be necessary to prove positively that Bodey & Livingston knew that she was the owner of this property at the time they furnished them, if they furnished them upon the credit of this building. It matters not who was the owner of the building, if she was the owner of the real estate, and the materials were furnished with her knowledge and assent, as I have repeated to you again and again.[13]

Arguments.

9. The contract of A. M. Thackara, the husband, in his own name and on his own credit, does not make Mrs. Thackara's land liable to this lien, and your verdict should be for the defendants.

Answer: This is true. If this were all that is in the case I would have to affirm it. Simply because he made the contract would not authorize you to charge her property.[15]

10. The plaintiffs must satisfy you that they furnished these materials on Mrs. Thackara's credit; and if you believe that the plaintiffs did not know that Mrs. Thackara owned the land at the time they were furnishing these materials, but only learned it was her land when they came to file their lien, then your verdict should be for the defendants.

Answer: This is refused, for the reasons I have already stated.[17]

12. Under all the evidence, your verdict should be for the defendants.

Answer: This is refused. It is a matter entirely for you.[19]

—The jury returned a verdict in favor of the plaintiffs for $1,514.27. A rule for a new trial having been discharged, judgment was entered on the verdict on September 2, 1890; whereupon the defendants took this appeal, assigning for error:

1, 2. The admission of the plaintiffs' offers.[1] [2]

3. The refusal of the defendants' offer.[3]

4. The portion of the charge embraced in [ ][4]

5–19. The answers to the defendants' points.[5 to 19]

*Mr. F. G. Hobson* and *Mr. William H. Peace*, for the appellants:

1. No proof was submitted by the plaintiffs that Mrs. Thackara directed or authorized the construction of the house. The most that can be urged is, that after the house was under roof she appeared there, taking the same interest in the progress of the work as any wife should and is expected to take in a dwelling-house erected by her husband for their home. This did not amount to a direction or an authority. For, as she did not contract to build the house, but her husband did, she might well be presumed to believe that the contractor was dealing with her husband on his personal re-

sponsibility. And it is clear that the wife's property is not subject to a lien for work done and materials furnished in its improvement or repair, upon a contract with a husband, unless it is made with her authority: Dearie v. Martin, 78 Pa. 57; § 6, act of April 11, 1848, P. L. 536; Berger v. Clark, 79 Pa. 340.

2. A claim against a wife for the improvement or repair of her separate estate is but constructively within the proviso of the sixth section of the act of 1848, and a plaintiff who seeks to charge her estate must bring his case within some of the exceptions of said act: Finley's App., 67 Pa. 453. In that case, Justice AGNEW said: "If a married woman's estate can be swept away by such a confession, she is unprotected by the stringent provisions of the act of 1848, which protect her from liability against encumbrances upon her estate, unless her written consent be first had." Reasoning from analogy, if a married woman is not liable for necessaries, nor for a debt contracted in the improvement of her separate estate, where the husband contracts the debt either personally or jointly with his wife, then it would seem that a wife's real estate should not be liable on a lien for materials furnished through a contract made with the husband: Heugh v. Jones, 32 Pa. 432; Bear v. Bear, 33 Pa. 525; Murray v. Keyes, 35 Pa. 384; Parke v. Kleeber, 37 Pa. 251; Cummings v. Miller, 3 Gr. 146.

3. Moreover, the plaintiffs must know by what authority the contractor acts in ordering materials. This was expressly decided in Schroeder v. Galland, 134 Pa. 277. "It is the duty of one who deals with an alleged contractor to know the relation which he bears to the owner; failing in this, he furnishes material at his peril:" Brown v. Cowan, 110 Pa. 588. To the same effect is Campbell v. Scaife, 1 Phila. 187. And, as was said in Kitson v. Crump,.9 Phila. 41, the material-man and mechanic take, not only the risk of the actual erection of the building, but also of the title of the reputed owner of the ground. In the absence of title in the latter, they can look only to the personal responsibility of the alleged owner. And the lack of authority to the wife's husband is not supplied by showing the acts and declarations of the wife, as she is not thereby estopped from denying his contract. She cannot be estopped by acts and declarations which, in case of a feme-sole,

Opinion of the Court.

would operate as an estoppel: Glidden v. Strupler, 52 Pa. 400;
Quinn's App., 86 Pa. 447 ; Buchanan v. Hazzard, 95 Pa. 240 ;
Innis v. Templeton, 95 Pa. 262; Davison's App., 95 Pa. 394.

*Mr. Irving P. Wanger* and *Mr. B. E. Chain,* for the appellees.
Counsel cited: Fahnestock v. Wilson, 95 Pa. 304; Einstein
v. Jamison, 95 Pa. 403 : Forrester v. Preston, 2 Pittsb. 298.

OPINION, MR. JUSTICE STERRETT:
This scire facias sur mechanics' lien was issued by the plain-
tiffs, Bodey & Livingston, against the appellants, Alexander M.
Thackara and Eleanor Sherman Thackara, his wife, in right of
said wife, owners or reputed owners, and L. W. Kitzelman,
contractor, to recover for materials furnished in and about the
erection of the house.

It appears that the written contract of July 15, 1887, with
Kitzelman, for the erection of the building on land conveyed
to the defendant Mrs. Thackara about two months before, was
made in the name of and executed by Lieut. Thackara, with-
out his wife joining therein. It was claimed by the plaintiffs,
and evidence was introduced tending to prove that Mrs. Thac-
kara assented to the contract, which was in fact made by her
husband on her behalf and for her benefit ; that the materials
were furnished with her knowledge and consent; that they
were reasonably necessary for the improvement of her separate
estate, and were used for that purpose ; that Mrs. Thackara
was frequently upon the premises, during the progress of the
work, giving directions as to the materials that were being fur-
nished by the plaintiffs, and also as to the manner of construc-
tion; in short, that she understandingly acted as though she
herself, and not her husband, was one of the parties to the
written contract. Without undertaking to review the evidence
tending to prove the plaintiff's contention that the contract
was made for Mrs. Thackara and fully adopted by her, refer-
ence may be made to the proof that she examined the plans for
the building, watched the progress of the work, visited the
plaintiff's mill, urged them to push on the work, etc. In her
letter to them, of November 1, 1887, she wrote: "The wood
sent so far is excellent and greatly admired, but . . . . please
push these parts and the doors through as soon as possible and

greatly oblige." Again, in her letter of November 29, 1887 : . . . . "We want Mr. Kitzelman to put on seven carpenters, but he says you will not keep them in work. With a few lines from you saying you will send the wood fast and constantly, I can urge him on." The evidence was abundantly sufficient to warrant the jury in finding the facts as claimed by the plaintiffs. It was fairly submitted, in a clear and correct charge, and the verdict must be accepted as a finding of all the facts necessary to entitle the plaintiffs to recover. .

In view of the facts established by the verdict, there was no error in the rulings complained of in the first three specifications of error; nor was there any error in charging as recited in the fourth specification, "that a husband cannot, by making a contract like this, charge his wife's property, unless it appears that the materials were furnished with her knowledge and consent. If she assented to the contract made by her husband in this respect, . . . if she knowingly received the goods, assented to the application of the goods to her property, she is bound by the contract."

There was no error in the answer of the learned judge to either of the defendant's points, and hence the remaining specifications of error are not sustained. As already intimated, the right of the plaintiffs to recover hinged upon questions of ract which were properly submitted to the jury and by them found in favor of the plaintiffs.

Judgment affirmed.