*30 Vroom.*                    Elliott v. Bodine.

EMILY ELLIOTT, PLAINTIFF IN ERROR, v. JOHN N.
      BODINE, DEFENDANT IN ERROR.

EMILY ELLIOTT, PLAINTIFF IN ERROR, v. JOHN H.
      ROLFE, DEFENDANT IN ERROR.

1. A husband may act as the agent of his wife, and the fact of his agency
   while not to be presumed from the marital relation alone, may be
   proved, as in other cases, by the acts and words of the wife which
   show previous authorization or subsequent ratification of his acts as
   her agent.
2. Authority given to an agent to do a specified thing carries with it the
   power to do whatever may be necessary and proper to accomplish the
   object and purpose of his appointment.
3. When credit is given to an agent, in ignorance of his agency, the
   creditor may, upon the disclosure of the principal, elect to hold liable
   either the agent or the principal.
4. When suit has been commenced by writ of attachment executed upon
   the property of two defendants, and appearance, without bond, is en-
   tered by both, and issue is joined in subsequent pleadings, and no
   notice of misjoinder has been given, judgment at the trial may be
   entered against either or both of the defendants, as the proofs may
   warrant.

On error to the Somerset Circuit Court.

For the plaintiff in error, *Alan H.* and *Theodore Strong.*

For the defendants in error, *Voorhees & Booraem.*

The opinion of the court was delivered by

NIXON, J.    Both of the above-stated suits were brought in
the Somerset Circuit Court for work, labor and material fur-
nished by the plaintiffs respectively in the construction of a
building upon the land of the plaintiff in error, and were com-
menced by attachment against Emily Elliott and her husband,
Walter P. Elliott.   Both defendants entered their appearance,
without bond, in each suit, and declarations were subsequently
filed by the respective plaintiffs, which were followed on the
part of the defendant by pleas of general issue.   Both suits
were tried, by agreement of counsel, before Mr. Justice Magie,

without a jury, and the issue tried was upon the plea of Emily Elliott. It was further agreed by counsel that the evidence taken should be applied to both cases as far as applicable.

The learned justice, in the case of Bodine, found the following facts established by the evidence, viz. :

*First.* That the plaintiff did work and furnished some materials in the erection of a barn on lands of Emily Elliott, for which he is entitled to be paid, October 16th, 1893, $98.73.

*Second.* That plaintiff acted upon the order of Walter P. Elliott, the husband of Emily, and charged his work and materials in his books of account to Walter.

*Third.* That Emily Elliott gave authority to her husband to employ plaintiff to do work and furnish materials.

In the case of John H. Rolfe the following facts were found :

*First.* That the plaintiff furnished materials, which were used in the erection of a barn on land of Emily Elliott, for which he was entitled to receive, on October 11th, 1893, $136.15.

*Second.* That the materials were ordered by John N. Bodine for the account of Walter P. Elliott and charged to the latter in plaintiff's books of account.

*Third.* That Bodine had authority from Walter P. Elliott to procure such materials, which authority was included in his employment by Walter to erect the barn.

*Fourth.* That Emily Elliott gave authority to her husband, Walter, to employ Bodine for that purpose.

In both cases the learned justice held that the respective plaintiffs were not estopped from recovering from the principal because credit was given to the agent.

To these several findings of facts and rulings of the court exceptions were taken, which were allowed and sealed accordingly.

In reviewing these cases we find no controversy in respect to the amount found to be due in the first finding of fact in each case. It is not denied that the plaintiff in error,

Emily Elliott, is the owner of the land upon which the building was erected, and that the work was actually performed, and that the materials furnished were all needed and suitable, and that the prices for both work and materials were usual and reasonable. Neither do we discover from the evidence any dispute in respect to the second finding of fact in each case.

With these facts fully established by the evidence, it will be perceived that the substantial questions at issue in both cases are whether the learned trial judge erred in finding that the husband, Walter P. Elliott, was the duly authorized agent of his wife in the matters related in the other findings of fact, and whether the scope of his agency was sufficient to render his principal liable in the suit of the plaintiff Rolfe. The answer to these questions will decide both cases.

That the husband may act as the agent of his wife, has long been the settled law of this state. *Tresch* v. *Wirtz*, 7 *Stew. Eq.* 124; *Gulick & Holmes* v. *Grover*, 2 *Vroom* 182; *S. C.*, 4 *Id.* 463. Whether such an agency was actually created in the cases at bar, is the next question. There is much conflict of evidence on this subject, as is generally the case where the authority is not conferred by a written instrument. The negotiations which led to the contract to build the barn were between the husband, Walter P. Elliott, and the plaintiff John N. Bodine. There is no contention on that point. It appears in the testimony that the plaintiff in error was present at the close of the negotiations between her husband and Bodine, and was informed that the work could not be commenced until about two weeks, and replied, "Well, Mr. Bodine, go on as soon as you can." Afterwards, about two days before the work was begun, it is admitted by the plaintiff in error that she went in a carriage to the shop of Bodine and again requested that the work should be commenced as soon as possible. It furthermore appears by the evidence that she was present frequently while the work was going on, and also gave some directions concerning it, and repeatedly urged that the building should be completed by a certain date in readiness for a party to be given. It was also

proved that the husband had been her agent in the purchase of the land and had the management of it afterwards.

From all the evidence the trial judge found that the husband, Walter P. Elliott, had his wife's authority to employ Bodine to do the work and furnish materials in the construction of the barn, and where there is evidence to support the findings of fact on which a judgment is based, this court will not reverse it. In *Arnold* v. *Spurr*, 130 *Mass.* 347, it was held that "evidence that a husband who had the management of certain land belonging to his wife, ordered material for building a house thereon, and that the wife knew that the house was being built, and occupied it when finished, would warrant a finding that the husband acted as her agent." In the case of *Bodey* v. *Thackara*, 22 *Atl. Rep.* 754, the Supreme Court of Pennsylvania held that "where a husband contracted for the erection of a house on his wife's separate property, the facts that his wife examined the plans of the building, watched the progress of the work, and personally and by letter urged the materialmen to push on the work, are sufficient to sustain a verdict that the wife is liable."

It is well stated in *Mech. Agency*, § 106 : "It is impossible to lay down any inflexible rule by which it can be determined what evidence shall be sufficient to establish an agency in any given case, but it may be said in general terms that whatever evidence has a tendency to prove the agency is admissible, even though it be not full and satisfactory, as it is the province of the jury to pass upon it."

We find in these cases no evidence that was not admissible, and we find sufficient evidence to warrant the learned judge in refusing the motion to nonsuit the plaintiffs at the trial, and also to sustain the finding that Emily Elliott gave authority to her husband to employ Bodine to do work and furnish materials. There being no error in this finding, it follows as a legal consequence that Bodine could, in pursuance of that employment, procure from others any materials needed by him in the execution of the work. The uncontradicted evidence proves that it was the custom of builders so employed to leave orders for materials with materialmen to be charged

to the account of their employer. An agent, in carrying out the object of his appointment, may follow the well-known and general customs of his employment. It is not shown by the evidence that Elliott, the husband, in his contract with Bodine, agreed to furnish any of the material required, except a small quantity of lumber left from some other work done on the premises, and it appears that Bodine was employed by the day and that he refused to build the barn by contract for any specified sum. From these proofs we think that the third and fourth findings of the trial judge in the case of John H. Rolfe, as well as the third finding in the case of Bodine, were justified by the evidence. The procurement of materials was a necessary part of the work and duty cast upon Bodine in his employment by Elliott to build the barn, and his ordering materials from Rolfe was not the exercise of a delegated agency, but a part of the duty which he undertook when he was employed to build the barn by Elliott.

Vice Chancellor Van Fleet, in *Borcherling* v. *Katz*, 10 *Stew. Eq.* 150, said: "A principal is bound by the acts of his agent within the authority expressly given and also for such acts as it is necessary for the agent to do to accomplish the object of his appointment." We think it is manifest that to accomplish the object of his appointment, viz., to have the barn built, Walter P. Elliott had authority not only to employ Bodine to do the work, but also to authorize him to procure the materials required in the prosecution of the work, and the materials thus procured constitute the claim in John H. Rolfe's suit against the plaintiff in error.

The ruling of the trial judge in both cases, that the plaintiff was not estopped from recovering from the principal because credit was given to the agent, is also assigned as error. We think the rule laid down in *Perth Amboy Manufacturing Co.* v. *Condit & Bowles*, 1 *Zab.* 659, that where credit is given to an agent, the fact of agency being unknown at the time, the parties giving credit may elect which they will hold responsible, the principal or the agent, clearly applies to these cases. The same rule is stated in *Borcherling* v. *Katz, supra,* and is the law in all cases of simple contract where authority to the

agent was not given under seal and there was a misapprehension at the time the charges were made. In the cases at bar, the evidence shows that there was an honest misapprehension on the part of both plaintiffs as to the existence of the agency. Bodine had previously done other work on the premises in making repairs to the dwelling, and had been paid by the husband, Walter P. Elliott. It was therefore but reasonable that he should debit the husband in the present transactions, no disclosure of his principal having been made, and it was quite as reasonable that he should, in ordering from Rolfe the materials necessary for the prosecution of his work, direct him to charge them to Walter P. Elliott, the supposed principal at that time. There was therefore no error in holding that the respective plaintiffs were not estopped from recovering from the principal because credit was given to the agent.

Another assignment of error is that the actions having been commenced by attachment executed on the property of both of the defendants, the judgments therein were entered against only one of them. As stated at the outset, upon the return of the writs of attachment, appearance, without bond, was entered for both defendants in each case, after which declarations and pleas of general issue were filed and both suits proceeded in all respects as if commenced by summons, as required by *Gen. Stat., p.* 103, § 38. *Jackson* v. *Johnson,* 22 *Vroom* 457; *Connelly* v. *Lerche,* 27 *Id.* 95.

The suits, then, being against both defendants, and no notice of misjoinder having been given as required by the provisions of section 38 of the Practice act (*Gen. Stat., p.* 2539), judgment against either defendant could be given as the proofs might warrant. *Patterson* v. *Loughridge and Powers,* 13 *Vroom* 21.

We find no error in the record of either case, and judgment should be affirmed in both cases.

*For affirmance*—THE CHANCELLOR, DEPUE, DIXON, GUMMERE, LIPPINCOTT, VAN SYCKEL, BARKALOW, BOGERT. HENDRICKSON, NIXON. 10.

*For reversal*—None.

In the case of Elliott *v.* Rolfe the judgment was affirmed by the following vote:

*For affirmance*—DEPUE, GUMMERE, LIPPINCOTT, VAN SYCKEL, BARKALOW, BOGERT, HENDRICKSON, NIXON.   8.

*For reversal*—THE CHANCELLOR, DIXON.   2.