LUCIUS E. YATES, PLAINTIFF IN ERROR, v. MARIA S. REPETTO, DEFENDANT IN ERROR.

Argued June 21, 1900—Decided November 19, 1900.

1. When credit is given to an agent, in ignorance of the agency, the creditor may, upon the disclosure of the principal, elect to hold either the agent or the principal.

2. An action was brought against A to recover the price of goods sold and delivered, which the plaintiff had charged and billed to B. *Held*, that the fact that the goods had been charged and billed to a person other than the defendant, was not, *per se*, conclusive proof that the debt was not the debt of the defendant, and did not preclude the plaintiff from showing, if he could, that A was an undisclosed principal, and that B was his agent.

On error to the Supreme Court. The cause was tried at the Atlantic Circuit at the September Term, 1898, before Mr. Justice Ludlow and a jury, and a verdict directed for the defendant.

For the plaintiff in error, *George A. Bourgeois.*

For the defendant in error, *Clarence L. Cole* and *Louis A. Repetto.*

The opinion of the court was delivered by

ADAMS, J. In the years 1891 and 1892 the defendant, a married woman, gave to the plaintiff five promissory notes, each at three months, and a check, amounting in all, without interest, to $499.64, for oysters sold and delivered. Each of these instruments was signed by the defendant and was payable to the order of the plaintiff. Three of the notes and the check were payable at the Atlantic City National Bank; one of the notes was payable at the Union National Bank of Atlantic City, the remaining note was not payable in bank. The four notes that were made payable in bank, and the check, were duly presented for payment, which was refused,

and were formally protested for non-payment. The remaining note also was not paid.

The plaintiff thereupon brought suit on these instruments, to which the defendant pleaded the general issue, and, specially, that she signed said notes as surety for her husband, Antonio Repetto. The special plea does not mention the check. It was for the small sum of $16.14, and will be regarded for the purpose of this decision as covered by the special defence. The plaintiff joined issue on the first plea, and replied to the second plea that the notes were signed by the defendant, not as surety for her husband, but for her own use and benefit. It was admitted at the trial that the notes and check sued on were made, fell due, were protested and were unpaid as in the declaration alleged. The controversy was as to the defence set up by the special plea.

In the view of the learned trial judge the evidence so clearly supported the special plea as to leave nothing for the consideration of the jury. He accordingly directed a verdict for the defendant. This direction was the subject of an exception on which error has been assigned. The sole question brought up for review is whether the evidence on behalf of the plaintiff tended, in a substantial sense, to prove that the defendant signed the notes and check, not as surety for her husband, but for her own use and benefit. If this question is to be answered in the negative, there is no error on the record.; if in the affirmative, the case should have gone to the jury.

The defendant testified that she employed herself in gathering and preparing sea-moss, which she sold in New York City; that she was not engaged in the restaurant business at No. 1208 Atlantic avenue, at which place the oysters were delivered; that said business was carried on by her husband, Antonio Repetto, whose name was on the window of the restaurant; that she never ordered oysters from the plaintiff, and never owed him for oysters, and that, to use her own expression, she lent the notes and check to her husband. She relied also upon the fact that on the plaintiff's books the oysters were charged not to herself, but to her husband.

The plaintiff, on the other hand, relied on proof that the

lease of the restaurant was in the name of the defendant, and not in that of her husband; that she kept two bank accounts, while her husband kept none; that, as appeared from the testimony of her son, Louis A. Repetto, who was called on her behalf, the business of the restaurant was transacted through her account in the First National Bank of Atlantic City, otherwise called the Atlantic City National Bank, by means, for the most part, of checks drawn up by said Louis A. Repetto, and signed by his mother, who could not read, and could write only her own name; that the plaintiff often saw her at the restaurant when he called there, and that when the business was sold out in 1892, she gave a bill of sale of the fixtures. It is urged on behalf of the plaintiff that the jury might properly have been asked to infer from these facts that the husband was acting not as a principal, but as agent for his wife, and so that when she gave the notes and check in suit she was engaging to pay her own debt, and not to pay the debt of her husband.

The learned counsel for the defendant, in order to escape the force of these considerations, sought, at the trial, and again before this court, to attribute a conclusive effect to the circumstance that the plaintiff charged the goods to Antonio Repetto, and not to the defendant. It may, indeed, be fairly gathered from the evidence that the idea of holding the wife was an after-thought. The plaintiff waited for nearly five years after the last note was due before he brought suit. It was not, he testified, until shortly before he brought suit that he learned that the business had belonged to the wife and not to the husband. The argument in answer to his claim is tersely summed up in these words from the brief of counsel for the defendant: "The issue was not whose business was it, but whose debt." This is true. Evidence as to the owner- ship of the business is useful only to furnish *data* for a con- clusion as to who was the debtor. But the proposition, as employed on behalf of the defendant, contains the assump- tion that the debt was necessarily the debt of the person to whom credit was at first given. This ascribes to the original transaction a quality of finality that does not belong to it.

Such a rule would be inconsistent with a familiar principle of the law of evidence, thus stated by Mr. Justice Dewey in *Raymond* v. *Crown and Eagle Mills,* 2 *Metc.* 319, 324:

"The authorities are uniform in maintaining the doctrine that when the principal is unknown to the vendor at the time of the sale, he may, upon discovering the principal, resort to him, or to the agent with whom he dealt, at his election; and on the other hand, where the vendor, at the time of the sale, knows the principal and understands that the buyer is the mere agent of another, and elects to give credit to the agent, making him the debtor, he cannot afterwards resort to the principal."

The cases of *Elliott* v. *Bodine,* 30 *Vroom* 567; *Perth Amboy Manufacturing Co.* v. *Condit,* 1 *Zab.* 659, and *Borcherling* v. *Katz,* 10 *Stew. Eq.* 150, illustrate this rule.

The marital relation does not disqualify one of the parties to it from acting as agent for the other. The case of *Gulick* v. *Grover,* 2 *Vroom* 182; *S. C.,* 4 *Id.* 463, affords an example of a wife acting as agent for her husband. The case of *Atwater* v. *Underhill,* 7 *C. E. Gr.* 599, and that of *Tresch* v. *Wirtz,* 7 *Stew. Eq.* 124, affirmed on appeal in 9 *Id.* 356, afford examples of a husband acting as agent for his wife. Antonio Repetto might lawfully have been agent for his wife. The plaintiff, although he had charged the goods to the husband, was not precluded from showing, if he could, that the relation of principal and agent existed. He offered evidence, which was received, that tended somewhat persuasively to support an inference that this relation existed. This evidence was proper for the consideration of the jury. With the proof in this situation, it was error to direct a verdict for the defendant. The judgment is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, COLLINS, FORT, BOGERT, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES. 12.