SOLOMAN GREENBURG, TRADING AS SOLOMAN GREEN-
BURG & SON, v. MARIA PALMIERI.

Argued February 16, 1904—Decided June 13, 1904.

1. Where credit is given to an agent, the fact of agency being unknown at the time, the party giving credit may elect whether he will hold the principal or agent responsible.
2. The marital relation does not disqualify one of the parties to it from acting as agent of the other.
3. To make an election binding, the party electing must have knowledge of the agency and of the name of the principal.
4. If the party giving the credit sues after he has knowledge of the agency and the name of the principal, he cannot recede from his election.
5. If he recovers a judgment before he has such knowledge, he may recover from the principal unless the principal chooses to satisfy the judgment against the agent.

---

On appeal from the Newark District Court.

Before Justices VAN SYCKEL and FORT.

For the plaintiff, *Philip J. Schotland.*

For the defendant, *Gaetano M. Belfatto.*

The opinion of the court was delivered by

VAN SYCKEL, J. This is a suit, instituted in the Second District Court of Newark, against the wife for supplies purchased by her husband for horses owned by her.

The plaintiff, before this suit was brought, sued the husband and recovered a judgment for the same claim.

After judgment against the husband, the plaintiff learned that the husband, in making the purchases, acted as the agent of his wife in her business, and then this suit was commenced.

From the judgment recovered against the wife the case is in this court by appeal.

In *Elliott* v. *Bodine,* 30 *Vroom* 567, Judge Nixon, in delivering the opinion of the court of last resort, says: "Where credit is given to an agent, the fact of agency being unknown at the time, the party giving credit may elect which he will hold responsible, the principal or the agent; and that a husband may act as the agent of his wife."

In *Yates* v. *Repetto,* 36 *Vroom* 294, Judge Adams, in expressing the views of the Court of Errors and Appeals, says:

"The authorities are uniform in maintaining the doctrine that when the principal is unknown to the vendor at the time of the sale, he may, upon discovering the principal, resort to him or to the agent with whom he dealt at his election."

To make an election binding, the party electing must have information of the name of the principal in addition to the fact of the agency, for in the absence of such knowledge there could not be an election.

In this case the plaintiff had notice neither of the agency nor of the name of the principal.

If the plaintiff sues after he is advised of the agency, it is an election from which he cannot recede; but where, as in this case, he recovers a judgment against the agent when he is in ignorance of the existence of a principal, an action will lie against the principal unless he discharges the judgment against the agent. *Story Ag.,* § 296; *Mech. Ag.,* §§ 695, 700; *Beymer* v. *Bonsall,* 79 *Pa. St.* 298.

The judgment below should be affirmed, with costs.