30 N.J. Super. 148 (1954)
103 A.2d 610
CHEEL CONSTRUCTION CO., INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DAVID G. LUBBEN, ALSO KNOWN AS DAVID LUBBEN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 15, 1954.
Decided March 23, 1954.
*149 Before Judges EASTWOOD, JAYNE and CLAPP.
Mr. Samuel J. Davidson argued the cause for appellant (Messrs. DeFazio, Davidson & DeFazio, attorneys).
Mr. John W. Griggs argued the cause for respondent (Messrs. Morrison, Lloyd & Griggs, attorneys).
The opinion of the court was delivered by JAYNE, J.A.D.
On December 13, 1952 a judgment was entered in the Superior Court, Law Division, in favor of the plaintiff and against each of the defendants, Saddle River Farms, Inc., and David G. Lubben, in the sum of $17,114.47. The judgment eventuated from a trial conducted on December 4, 1952.
On May 28, 1953 substituted counsel for the defendant Lubben filed a notice of an application to be made on June 5, 1953 pursuant to R.R. 4:62-2 for an order vacating the judgment against the defendant Lubben. The application was denied and the present appeal is confined to the propriety of the denial.
The court rule applicable to such motions and the essentials necessary to its successful invocation have been recently discussed in Shammas v. Shammas, 9 N.J. 321, 326 (1952); Fischer v. Fischer, 13 N.J. 162, 164 (1953); Whiteman Food Prod. Co. v. G. Arrigoni & C., etc., 27 N.J. Super. 359, 367 (App. Div. 1953); Schulwitz v. Shuster, 27 N.J. Super. 554, 558 (App. Div. 1953).
We have examined the affidavits of the defendant Lubben accompanying the application, and we are in accord with the conclusion of the trial judge that the factual circumstances disclosed by the proof submitted did not adequately warrant the nullification of the judgment. It has been stated many times that a just, sufficient, and valid *150 defense to the cause of action and stated in clear and unmistakable terms is a prerequisite to the opening of a judgment. Schulwitz v. Shuster, supra, and cases therein cited. In that particular, among others, the basis of the application was deficient. The order under review is accordingly affirmed.
In perusing the record in this case the meditations of the author of this opinion have drifted somewhat beyond the boundaries of the present appeal.
I observe from an inspection of the complaint that the plaintiff prosecuted this action to recover the reasonable value of the labor performed and materials furnished by it from the individual defendant, Lubben, who allegedly made the bargain, and from the defendant corporation as his undisclosed principal.
At the conclusion of the plaintiff's evidence a judgment was granted without objection in favor of the plaintiff against the corporation as an undisclosed principal. The trial was then continued to determine the liability of the defendant Lubben, and the jury rendered a verdict in favor of the plaintiff in like amount against Lubben.
This sequence of events agitated in my mind the question whether the plaintiff in taking the judgment against the corporation had not elected to hold the undisclosed principal responsible for the indebtedness and by that judgment conclusively established that in the transaction the relationship of debtor and creditor existed under the contractual engagement between the corporation and the plaintiff.
More than a century ago it was said by our Court of Errors and Appeals to be the then "well settled rule, the vendors were not compelled to look to the agent only, but on the discovery of the principal, had the right to elect which, the principal or the agent, they would hold responsible." Perth Amboy Mfg. Co. v. Condit & Bowles, 21 N.J. Law 659 (E. & A. 1847). The rule was recognized in our court of equity. Borcherling v. Katz, 37 N.J. Eq. 150 (Ch. 1883). Of like import are the decisions in Elliott v. Bodine, 59 N.J.L. 567 (E. & A. 1896); Yates v. Repetto, 65 N.J.L. *151 294 (E. & A. 1900); Greenburg v. Palmieri, 71 N.J.L. 83 (Sup. Ct. 1904). See, also, 2 Am. Jur. 315, § 403.
Similarly to the development of all exceptional augmentations to the principles of the common law, the evolution of the law relative to undisclosed agency is interesting reading. Numerous decisions and most textbooks have not hesitated to characterize it as an "anomaly in the law of contracts" and "in manifest discord with basic legal principles." Pollock has repeated that "the plain truth ought never to be forgotten  that the whole law as to the rights and liabilities of an undisclosed principal is inconsistent with the elementary doctrines of the law of contract." 3 L.Q.R. 359; 14 L.Q.R. 5. Ames concurred, 18 Yale L.J. 443. Maybe Holmes did. 6 History of Agency 404.
Nevertheless the principles governing the rights and liabilities incident to undisclosed agency have received expression in the reported decisions ever since the 18th Century. Obviously a double satisfaction has never been sanctioned, and so in our jurisdiction and, I think, in the majority of the state jurisdictions, the creditor at some stage after the discovery of the undisclosed principal encounters the obligation to elect against whom, the agent or the principal, he demands recovery.
The existence of the agency may be controversial, in which event it is not doubted that the creditor may under our present practice institute his action preferably in the alternative against both the agent and the alleged undisclosed principal, but is there a point in the prosecution of the action at which the plaintiff either upon the request of one or both of the defendants or as a matter of law must manifest an election of which defendant he seeks to hold responsible as his debtor?
The occurrences in the present action lead us a few steps farther and incubate an additional question or two. Is not the initial recovery of a judgment against the undisclosed principal evidential of a positive election? When with knowledge of the agency a contract is merged into a judgment against the principal, is there room for another judgment *152 in such a case? Cf. Coles v. McKenna, 80 N.J.L. 48 (Sup. Ct. 1910); Greenburg v. Palmieri, supra.
It is my tentative impression that according to the English decisions and to the weight of authority in the United States, judgment cannot ordinarily be had against both the principal and the agent after knowledge of the agency. Vide, Restatement, Agency, § 210 (1). Compare, Evans, Coleman & Evans v. Pistorino, 245 Mass. 94, 139 N.E. 848 (Sup. Jud. Ct. 1923). Yet I recall that there are decisions which impose the requirement of an election only if demanded by a defendant; others recognize the election at the conclusion of the evidence to be a requirement of law. See, Merrill, Election between Agent and Undisclosed Principal, 12 Neb. L. Bulletin 100, 116-118 (1933); Seavey, Studies in Agency 215; 39 Calif. L. Rev. 409 (1951). The Pennsylvania rule seems to be conspicuously exceptional. Melnick Building & Loan Ass'n to Use of Melnick v. Melnick, 361 Pa. 328, 64 A.2d 773 (Sup. Ct. 1949).
My espionage of the course of the proceedings at the trial of the present action has motivated me to make the foregoing comments and suggest the questions that have occurred to me, with the frank acknowledgment that they are distinctly unrelated to the subject of the instant appeal. The introduction of a query (quaere) in judicial decisions was not formerly unfashionable.