87 N.J. Super. 358 (1965)
209 A.2d 364
TABLOID LITHOGRAPHERS, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
ARNOLD ISRAEL AND UNIFIED CONSULTANTS, INC., DEFENDANTS.
Superior Court of New Jersey, Union County Court, Law Division.
Decided April 13, 1965.
*359 Mr. John B. Winter for plaintiff (Messrs. Haskins, Robottom & Hack, attorneys).
Mr. Frank J. Miele for defendant Arnold Israel (Messrs. Riker, Danzig, Scherer & Brown, attorneys).
*360 FULOP, J.C.C.
Defendant Arnold Israel moves for summary judgment in his favor upon the pleadings and pretrial order. The motion relies upon the fact that plaintiff has entered judgment against another defendant in the action. Since this is a fact established by the record, but not strictly within the pleadings between this defendant and the plaintiff, the motion is treated as falling under R.R. 4:58 rather than R.R. 4:12-3.
The legal question involved is whether a plaintiff who has entered judgment against an undisclosed principal may also pursue an action for the same indebtedness against the agent of the undisclosed principal.
The original complaint in this case sought recovery from defendant Israel for printed matter prepared on his order and delivered to him. A purported statement of the account is attached to the complaint and shows Israel alone as the debtor.
On February 14, 1964 defendant Israel filed an answer in which he alleged that he had given the orders and received deliveries as the agent of Unified Consultants, Inc.; that plaintiff knew that fact and also knew that defendant was not to be personally liable therefor. The answer alleges that plaintiff "treated all of the contracts and transactions" as "between the said plaintiff and Unified Consultants, Inc."
On June 30, 1964 plaintiff obtained leave to amend its complaint to join Unified Consultants, Inc. as a defendant. The amended complaint was filed on July 2, 1964. Defendant corporation appears to be located in New York. Service was made upon it by registered mail. Unified failed to appear or answer. On October 1, 1964 plaintiff entered a default against Unified. On October 9, 1964 it obtained final judgment against Unified.
In the amended complaint plaintiff repeated the claim against Israel as the principal, as charged in the original complaint. It added a second count, not in the alternative, alleging that Israel was agent for Unified in the same transactions (referring to the same copy of invoice as in the first *361 count). There is no allegation that plaintiff is uncertain as to which defendant is liable. The amended complaint simply alleges two inconsistent claims for the same amount against each defendant.
Although this pleading is inartistic, plaintiff surrendered no rights thereby. It had the right to assert inconsistent claims and theories and to await proof at the trial. Ajamian v. Schlanger, 14 N.J. 483 (1954); Young v. George C. Fuller Contracting Co., Inc., 12 N.J. Super. 554 (Law Div. 1951).
However, as above indicated, when the defendant corporation failed to defend, plaintiff entered final judgment against it. Plaintiff asserted that it knew the facts. Its president signed an affidavit of proof, which plaintiff filed with the court. In this affidavit it is asserted as a fact that the printed matter was "delivered to the defendant Unified Consultants, Inc., * * * pursuant to the orders of the defendant Unified Consultants, Inc. and its agent, servant and employee, the defendant Arnold Israel." (Emphasis supplied) The affidavit refers to an attached copy of plaintiff's ledger sheet. Unlike the statement attached to the complaint, the ledger sheet does not show Arnold Israel as the customer or debtor. The account is in the following name: "Devon's, c/o United Mgt., 680 5th Ave., New York, N.Y." It was upon this proof that judgment was entered against Unified Consultants, Inc.
In spite of this affidavit filed with the court, and the entry by the court in reliance thereon of a final judgment, plaintiff seeks to proceed on its first count against Arnold Israel as the sole debtor.
It is not charged that Israel misrepresented that he was the authorized agent of Unified, that Unified has denied the agency, and that plaintiff was thereby damaged. On the contrary, by its default Unified has admitted the debt and plaintiff has accepted Unified as the debtor. Nor has plaintiff alleged that Israel obtained credit for Unified on his personal guaranty of payment or collection. The sole complaint against Israel is that he, and he alone, was the purchaser and *362 debtor in his individual capacity. The only claim against Israel is wholly inconsistent with the claim that he was the agent for Unified and that Unified was the sole debtor and received the merchandise.
No affidavits have been filed on this motion. There is no proof before the court as to whether Israel did or did not disclose to plaintiff that he was acting for Unified. Both parties have based their arguments on the assumption that Israel purchased in his own name without disclosing that he was acting for Unified. Defendant contends that the fact is immaterial. If Israel disclosed his agency, as he asserts in his pleadings, then he never assumed any obligation. If, on the other hand, he failed to disclose that he was acting as agent, then he was discharged by plaintiff's election to enter judgment against the principal.
The Restatement of Agency, 2d § 337 states the rule as follows:
"An agent who has made a contract on behalf of an undisclosed principal is not relieved from liability by the determination of the other party thereto to look to the principal alone for the performance of the contract. He is discharged from liability if the other obtains a judgment against the principal, or, to the extent that he is prejudiced thereby, if he changes his position in justifiable reliance upon the other's manifestation that he will look solely to the principal for payment."
Comment (b) to the above section states:
"Judgment against the principal discharges the agent from liability. This is not because principal and agent are joint contractors or because of any doctrine of election, but because of a special rule growing out of the relation of agent and undisclosed principal. * * *"
The rule so stated is consistent with the Restatement of Judgments, § 100, in which it is said:
"Where two or more persons are liable to another in the alternative because of a single act or default or for a breach of a single contract, a valid judgment for or, if on the merits, against one of them precludes an action against the other."
*363 Comment (a) to this statement indicates that the question involved here is covered by this section. The comment reads:
"The most important situation where there are alternative claims is that in which an agent for an undisclosed principal has contracted in behalf of the principal and where with knowledge of the relation between the parties the third person obtains judgment against one of the parties. In such cases the obtaining of the judgment either against the agent or against the principal destroys the cause of action against the other (see Restatement of Agency, §§ 210 and 337). Likewise, a judgment for the agent or principal on the merits under the same circumstances destroys the claim. If, however, judgment is obtained against the agent before the claimant has knowledge of the existence of the principal, the judgment does not destroy the claim against the principal (see Restatement of Agency, § 210)."
In 3 C.J.S. Agency § 248b(3), the black-letter statement of the rule reads:
"The recovery of a judgment against either the principal or the agent will operate as an election to hold that party alone and to release the other one unless at the time of such recovery the third person did not have knowledge of facts pertinent to his rights."
In Cheel Construction Co. v. Lubben, 30 N.J. Super. 148 (App. Div. 1954), in a learned dictum Judge Jayne said:
"It is my tentative impression that according to the English decisions and to the weight of authority in the United States, judgment cannot ordinarily be had against both the principal and the agent after knowledge of the agency. * * *" (at p. 152)
In Perth Amboy Mfg. Co. v. Condit & Bowles, 21 N.J.L. 659 (E. & A. 1847), it was said to be the
"* * * well settled rule, the vendors were not compelled to look to the agent only, but on the discovery of the principal, had the right to elect which, the principal or the agent, they would hold responsible. * * *" (at p. 661)
Accord: Borcherling v. Katz, 37 N.J. Eq. 150 (Ch. 1883); Elliott v. Bodine, 59 N.J.L. 567 (E. & A. 1896); Yates v. Repetto, 65 N.J.L. 294 (E. & A. 1900); Greenberg v. Palmieri, 71 N.J.L. 83 (Sup. Ct. 1904).
*364 Although the New Jersey cases are not squarely in point, it appears to be well settled that a judgment entered against principal or agent is a binding election and discharges the other defendant. See Coles v. McKenna, 80 N.J.L. 48 (Sup. Ct. 1910).
Except in Pennsylvania (Beymer v. Bonsall, 79 Pa. St. 298 (Sup. Ct. 1875)), the law throughout the United States appears to be in accord. In Walston v. R.B. Whitley & Co., 226 N.C. 537, 39 S.E.2d 375 (N.C. Sup. Ct. 1946), the court said:
"It is uniformly held that an agent will be held liable on the contract where the principal has not been disclosed; [citations omitted] but the undisclosed principal is liable on discovery. [Citations omitted] In that event, the aggrieved party seeking damages through the court is put to his election as to which he shall hold liable  the principal or the agent  and cannot hold both of them." (at p. 377 of 39 S.E.2d)
In E.J. Codd Co. v. Parker, 97 Md. 319, 55 A. 623 (Md. Ct. App. 1903), plaintiff sued Parker on an open account. In his pleadings, Parker alleged that he acted as agent of an undisclosed principal, Modified & Sanitary Milk Company, and that plaintiff had already obtained judgment against the Milk Company. The court held:
"And the general principle appears to be established that where an agent contracts in his own name, without disclosing his interest, though in fact for the exclusive benefit of another person, who is afterwards discovered, the creditor may sue either, but after he has elected whom to sue, and has sued either the agent or principal to final judgment, he cannot after that sue the other, whether the first suit has been successful or not." (at p. 624)
See Hill v. Hill, 34 Tenn. App. 617, 241 S.W.2d 865 (Tenn. Ct. App. 1951); Williams v. Investors Syndicate, 327 Mass. 124, 97 N.E.2d 395 (Mass. Sup. Jud. Ct. 1951); Costello v. Kasteler, 7 Utah 2d 310, 324 P.2d 772 (Sup. Ct. 1958); Campbell v. Murdock, 90 F. Supp. 297 (N.D. Ohio 1950), and Mississippi Valley Const. Co. v. Chas. T. Abeles & Co., 87 Ark. 374, 112 S.W. 894 (Ark. *365 Sup. Ct. 1908). The liability of the respective defendants is in the alternative. It is neither joint nor several. Washburn Storage Co. v. Elliott, 93 Ga. App. 456, 92 S.E.2d 28 (Ct. App. 1956); Hohauser v. Schor, 101 So.2d 169 (Fla. Ct. App. 1958).
There is no reasonable basis for giving plaintiff a cause of action against both the agent and the principal when plaintiff contracted for only one. Giving plaintiff an alternative right to go directly against the principal is an additional advantage to the creditor. It permits the creditor to reach directly the agent's right to exoneration or indemnification. It puts the parties in the same position as if the agent had disclosed that he was acting for another. But since the creditor did not extend credit to the principal, he has the option of insisting on his original debtor or accepting the substitution of the principal for the agent. Before doing so, he can draw credit reports on both the agent and the principal. After suit has been started he can explore the facts in discovery proceedings. He need not elect even up to the trial. But the entry of judgment against either one is a recorded public act of election and should be binding. It is neither unjust nor unreasonable to treat it so.
In this case there is an additional factor. By filing an affidavit that it received its orders from Unified and delivered its products to that corporation, plaintiff has estopped itself from now presenting evidence under oath that it received its orders and delivered its products to the defendant Israel acting for himself. If one statement is true, the other cannot be.
In In re Perrone, 5 N.J. 514 (1950), Chief Justice Vanderbilt said for the Supreme Court:
"Although a party may argue inconsistent principles of law, he cannot be heard here to contend for two diametrically opposed sets of facts." (at p. 527)
In Stretch v. Watson, 6 N.J. Super. 456 (Ch. Div. 1949), Judge (now Justice) Haneman said:
*366 "A party will not be permitted to play fast and loose with the courts, nor to assume a position in one court entirely different from and inconsistent with that taken by him in another court or proceeding with reference to the very same matter or thing." (at p. 469)
Upon the ground that the entry of judgment against the principal is a binding election to discharge the agent, and upon the ground that plaintiff is estopped from proving its case against him, the individual defendant is entitled to summary judgment.
A form of judgment is required to be submitted within 10 days with consent as to form, or on motion as provided in R.R. 4:55-1.