RANGER v. THALMANN et al.

(Supreme Court, Appellate Division, First Department. June 12. 1903.)

1. AGENCY—UNDISCLOSED PRINCIPAL—LIABILITY—EXECUTED SALE.
    An agent for an undisclosed principal purchased property at a master's sale, paying therefor a certain sum in cash, furnished by the principal, and giving his individual notes for the balance, which were accepted by the master, and the sale confirmed. *Held,* that the contract of sale was executed by the agent, so that the undisclosed principal could not thereafter be charged for the price of the property.

2. SAME—NEGOTIABLE PAPER.
    An undisclosed principal is not liable on negotiable paper given in a transaction, executed by the agent on behalf of the principal.

Appeal from Special Term, New York County.

Action by Solomon Ranger, in his own behalf and on behalf of all other bondholders of the Tennessee Central Railroad Company, against Ernst Thalmann and another. From a judgment (80 N. Y. Supp. 19) overruling a demurrer to the amended complaint, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Edwin C. Hoyt, for appellants.
Thomas D. Adams, for respondent.

---

¶ 2. See Principal and Agent, vol. 40, Cent. Dig. § 516.

INGRAHAM, J.　Upon an appeal from a judgment which over-ruled a demurrer to the original complaint in this action (65 App. Div. 6, 72 N. Y. Supp. 451), we held that no cause of action was alleged. The plaintiff has served an amended complaint, which al-leges that Godfrey, who purchased the property of the Tennessee Central Railroad Company at a sale under a judgment of the chancery court of the state of Tennessee for the sum of $20,000, and received a conveyance thereof from the special master under the decree of the said court, was the duly authorized agent of the de-fendants; that in making the bid for the property, and paying the sum of $2,000 in cash, and in making and delivering the promissory notes for the balance of the purchase money, Godfrey acted for and on behalf of the defendants, and as their agent, with full authority from the s  l firm to do all that he thereafter did in connection with the purchase of the property, including the payment of $2,000 on ac-count of said purchase, and the giving of the promissory notes for the balance of the purchase money; that prior to said sale there was an agreement entered into between the defendants and Godfrey whereby said firm agreed that, if Godfrey would purchase for them all the property of the Tennessee Central Railroad Company, they would pay whatever cash was necessary to be paid upon said purchase be-ing completed, and the balance of the purchase price upon the terms of sale that were required upon the sale of said property, and any and all disbursements incurred in connection with said purchase, and any and all expenses and disbursements incurred in connection with said property after its purchase; that Godfrey agreed with said firm that he would, upon the sale, purchase on their behalf and for them all the property of the said Tennessee Central Railroad Com-pany, provided they would pay the cash which was necessary to be paid under the terms of said sale, and the balance of the purchase price upon the terms of sale under which said property was sold, and all other expenses and disbursements incurred in purchasing at said sale, and in the caring for said property after purchase; that after the making of the said agreement, and in compliance therewith, God-frey purchased for the defendants all of the property for the sum of $20,000 cash, and that defendants furnished Godfrey with the sum of $2,000, which was paid as a part of the purchase price in cash, and paid Godfrey all the disbursements and expenses incurred in con-nection with said purchase, and, after said purchase had been consum-mated, paid all disbursements and expenses incurred in connection with the property so purchased; that defendants accepted the property purchased by Godfrey for them as theirs solely and exclusively, and in all respects ratified all that Godfrey, as their agent, had done in con-nection with said purchase, and that Godfrey acquired no interest in or to the property of the said Tennessee Central Railroad Company which was purchased as aforesaid, or any part of the same; and that at no time prior to the return of the execution against Godfrey upon the suit instituted by the master of said court of chancery in Tennessee for the balance of the purchase price was the said master in chancery aware of the fact that the said Godfrey was the agent of the defendant, nor did he have any knowledge or information whatever that the de-

fendants were Godfrey's principals, or that the defendants were the undisclosed principals of said Godfrey, or were in any wise connected with or interested in the purchase of the property of the said railroad company.

The court below overruled the demurrer upon the ground that, as the master in chancery had no knowledge of the defendants' relation to the transaction, there could be no election of remedies, so that the action to enforce the obligation of Godfrey was not a bar to their subsequently proceeding against the undisclosed principal, when the fact of the defendants' relation to the transaction was discovered, based upon Kayton v. Barnett, 116, N. Y. 625, 23 N. E. 24, and Brown v. Reiman, 48 App. Div. 295, 62 N. Y. Supp. 663.

The plaintiff's claim to hold the defendants liable for the amount that Godfrey agreed to pay upon the contract for the purchase of the property cannot be sustained, as that contract has been fully executed. Assuming that Godfrey made the purchase as agent of the defendants, although the fact of such agency was not disclosed to the master in chancery who made the sale, or to the bondholders whose right he was enforcing, when the master in chancery accepted Godfrey as the purchaser, and accepted his note in part payment of the purchase price, and conveyed the property to him individually, the conditions had been complied with, Godfrey had become the owner of the property, and the original contract of purchase had been executed. As was said in Tuthill v. Wilson, 90 N. Y. 427:

"If, therefore, it was possible to treat the original contract as that of Wilson, the latter fulfilled all its conditions. He paid all that was required or was demanded. Instead of giving his own bond, secured by a mortgage, he gave, and the vendor accepted, as a discharge of the contract obligation, the bond of a third person—that of Horne. If Wilson's own bond would not have been payment of his debt, his delivery of Horne's bond, accepted by the vendor, was. The latter took as a performance of the contract by Wilson, if the latter was indeed the contractor, the bond and mortgage of Horne, and thereby all right of action against the former upon the contract of purchase was gone. It cannot alter the result that Horne also was the agent in fact of Wilson, and took the title for his benefit, the latter paying the purchase price. Under the statute the title vested absolutely in Horne, and no trust resulted to Wilson. Even as between him and the grantee, the latter was lawful and sole owner. But whatever the relation between the two, it does not alter the fact that plaintiff took the personal liability of Horne, fortified by a mortgage upon the land, in discharge of the contract obligation of the purchaser, whether such purchaser was McNish or Scott or Wilson."

The complaint alleges that Godfrey, at a sale under the decree of the court of chancery of Tennessee, bid at such sale the sum of $20,000, and paid on account of said bid the sum of $2,000 in cash, and gave his two promissory notes for the remaining $18,000, payable to the order of Gillespie, master of said court of chancery, for the benefit of the bondholders, and that after such sale a final decree was entered in said action confirming the sale; a copy of the decree being annexed to the complaint. By that decree it was adjudged that all the right, title, and interest and claim of the defendants, Tennessee Railroad Company, the trustee, and of all holders of bonds issued under the deed of trust, and of all other parties setting up, claiming, or offering to claim any right, title, or interest in and to the said property, be vested out of each and all of them, and vested in said purchaser, subject to the

lien aforesaid for the unpaid purchase money, and in bar of the equity of redemption, the said real estate being therein specifically described; and further adjudging that the clerk and master will make, acknowledge for registration, and deliver to the said Godfrey a deed conveying all the aforesaid described real, personal, and mixed property, and the franchises, privileges, and rights as aforesaid to him, or will give him a certified copy of this decree as a muniment of title, at his election. The purchase by Godfrey was ratified and confirmed. The property sold vested in Godfrey absolutely, subject to a lien for the payment of the portion of the purchase price money for which Godfrey had given his individual notes to the master. The sale was thus completed. The master had accepted the obligation of Godfrey as a compliance with the contract of sale, and Godfrey became the owner of the property. The contract for the sale of the property was therefore completely executed, and no obligation of Godfrey or his undisclosed principal upon that original contract for the purchase of the property survived its complete execution. Godfrey, as the agent of these defendants, had agreed to purchase the property, and to pay therefor $2,000 in cash, and to give his promissory notes for the balance of the purchase money. Assuming this to be the defendants' contract, they had complied with it, had paid the $2,000, and had given Godfrey's individual notes for the remainder of the purchase money. That had been accepted by the master of chancery as a completion of the contract for the purchase of the property, and that contract for the purchase of the property was thus completely executed.

The remaining question is whether the defendants can be held liable upon the notes given by Godfrey as agent of the plaintiff. Assuming that the action of the master in chancery was not an election to treat Godfrey as a principal, so as to estop him from proceeding against the defendants to recover the amount due on the notes, it seems to be well settled that an undisclosed principal cannot be held liable for a promissory note signed by an agent in his own name, where, upon the face of the instrument, it is the obligation of the agent only. While it may be stated as a general rule that where a simple contract is made by a duly authorized agent without disclosing his principal, and the other contracting party afterwards discovers that the person with whom he dealt is not the principal, he may abandon his right to look to the agent personally, and resort to the principal, this rule does not apply to a negotiable note or bill of exchange, for there a person who is not a party to the instrument cannot be charged upon proof that the ostensible party signed or indorsed as his agent, since persons dealing with negotiable contracts are presumed to take them on the credit of the parties whose names appear upon them. 1 Am. & Eng. Enc. of Law (2d Ed.) p. 1141. In Briggs v. Partridge, 64 N. Y. 357, 21 Am. Rep. 617, Judge Andrews, in delivering the opinion of the court, after stating the general rule that a principal may be charged upon a written executory contract entered into by an agent in his own name within his authority, though the name of the principal does not appear in the instrument, says:

"There is a well-recognized exception to the rule in the case of notes and bills of exchange, resting upon the law merchant. Persons dealing with ne-

gotiable instruments are presumed to take them on the credit of the parties whose names appear upon them, and a person not a party cannot be charged upon proof that the ostensible party signed or indorsed as his agent."

It would seem to follow, therefore, that as the original executory contract for the purchase of this property by Godfrey had been completed by the payment of the cash required to be paid, and the execution of Godfrey's promissory notes for the balance of the purchase money, and this was accepted by the vendor as a completion of the contract, the right to recover under the original contract was lost by the complete execution of the contract, accepted as satisfactory by the vendor; and, as the defendants cannot be held liable as undisclosed principals upon the promissory notes given by Godfrey, no cause of action is alleged against the defendants.

It follows that the judgment appealed from must be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend the complaint upon payment of costs in this court and in the court below. All concur.