[S. F. No. 3525. Department Two.—December 28, 1903.]

## CHARLES S. CURRAN, Respondent, v. A. P. HOLLAND, Appellant.

CONTRACT TO NEGOTIATE LOAN—ACTION FOR COMMISSION—LIABILITY OF
UNDISCLOSED PRINCIPAL—PAROL EVIDENCE.—In an action to re-
cover a commission for negotiating a loan upon certain real estate
against a defendant who signed merely as a witness to a contract
executed in the name of another person, parol evidence is admissible
to show that the defendant is an undisclosed principal, for whose
benefit the loan was to be negotiated for the purpose of purchasing
the real estate described, and that the party signing the contract
had no interest in the matter, and that he was defendant's agent,
and signed it at defendant's request, for the purpose of concealing
the name of the defendant as principal.

ID.—FORM OF CONTRACT IMMATERIAL.—In order to charge the real prin-
cipal, it is always competent, in whatever form a contract is ex-
ecuted by an agent, to ascertain by evidence *dehors* the instrument
who is the principal, whether the contract purports to be that of an
agent, or is made in the name of the agent as principal; and it is
immaterial that the principal signed the instrument as a witness in
order to disguise his real character as principal.

APPEAL from a judgment of the Superior Court of Ala-
meda County and from an order denying a new trial. S. P.
Hall, Judge.

The facts are stated in the opinion.

Sam Bell McKee, for Appellant.

A. Everett Ball, for Respondent.

COOPER, C.—Action to recover commission for procuring a loan under an express contract. Findings were filed and judgment entered in favor of plaintiff. This appeal is from the judgment and an order denying defendant a new trial.

It is claimed that the court erred in allowing parol evidence for the purpose of showing that defendant was the principal in the written agreement as to plaintiff's commission.

The agreement was as follows:—

"This is to certify that I, David Gregor, hereby authorize Charles S. Curran to negotiate for me a loan upon my property at the northeast corner of Broadway and Tenth Streets, Broadway, Oakland, Alameda County, Cal., for the sum of $70,000, for which I agree to pay him the sum of $500 as commission, and I hereby authorize the mortgagee to pay the same to said Curran out of said loan and said Curran's receipt therefor shall be good.

"Witness my hand this 14th day of January, 1902.

"Witness: A. P. HOLLAND."          "DAVID GREGOR.

There is no question but that plaintiff performed the services and procured a party ready and willing to make the loan, nor is it questioned that David Gregor is liable by the express words of the agreement. The testimony outside the writing showed that defendant was the real party in interest, and that Gregor signed as agent or for the purpose of keeping secret the name of defendant. This was done at the defendant's request. Defendant's own version of the transaction is as follows: "I had an arrangement with Mr. Mott as to the obtaining of a loan regarding this property. Some time in December I went to Mr. Mott and asked him if he could procure a loan of $75,000 on property on Tenth and Broadway. I made it a condition of the loan that I should not make the application, nor should I sign the mortgage papers, and I

told him that if he succeeded in getting the loan, and the deal
went through, I explained to him that I had not yet got the
property, I did n't at that time have it, if the deal went
through I would pay him $500 . . . so Gregor and Judge
went up to Curran's office, which was the first time I had
ever been there. . . . I did n't state or acknowledge that I
was the principal in this matter. I had very good reasons
for not doing so. . . . I know that the agreement that was
signed was for money that was to be used by me for the pur-
chase of this property. . . . When we went into Curran's
office we had a general conversation that might have been had
under circumstances of that sort. We talked to Mr. Curran
about the loan. . . . The money they were trying to borrow
was for my use to purchase this property, and I presume I
was subsequently notified that they had obtained the loan of
$65,000 flat and $5,000 in installments, and it was satisfactory
to me."

The evidence was clearly admissible. The services were
performed for defendant. He was the party interested and
who desired to use the money in buying property. Gregor
does not appear to have had the remotest interest in the mat-
ter. Defendant wanted it fixed so that he would not be
known in it. He said he "had very good reasons for not
doing so."

If Gregor is responsible, it would be a great injustice to
hold him liable for services performed by plaintiff for de-
fendant, when Gregor appears to have acted merely for the
accommodation of defendant. If he is not responsible, it
would be an injustice to plaintiff to deprive him of the right
to recover from the real party in interest. It is said in Rein-
hard on Agency (sec. 223) : "While extrinsic evidence, ex-
cept in the instances heretofore pointed out, will not
generally be received to vary or contradict the contents of a
written instrument, such evidence is always admissible to
charge with liability an undisclosed principal, *or one who
though disclosed is not named in the instrument.*" (See, also,
Reinhard on Agency, secs. 303, 328, and cases cited; Story
on Agency, sec. 466a.) The supreme court of the United
States, in *Ford* v. *Williams,* 21 How. 289, said: "The con-
tract of the agent is the contract of the principal, and he

may sue' or be sued thereon, though not named therein; and notwithstanding the rule of law that an agreement reduced to writing may not be contradicted or varied by parol, it is well settled that the principal may show that the agent who made the contract in his own name was acting for him. This proof does not contradict the writing; it only explains the transaction." In *Exchange Bank* v. *Hubbard,* 62 Fed. Rep. 116, it is said: "In order to charge the real principal it is always competent, in whatever form a parol or written contract is executed by an agent, to ascertain by evidence *dehors* the instrument who is the principal, whether it purports to be the contract of an agent or is made in the name of the agent as principal." (See, also, *Higgins* v. *Senior,* 8 Mees. & W. 834; *Byington* v. *Simpson,* 134 Mass. 169;[1] *Coleman* v. *First Nat. Bank,* 53 N. Y. 393;[2] *Briggs* v. *Partridge,* 64 N. Y. 357.[3]) Nor does it make any difference in this case that defendant signed the agreement as a witness. He was none the less the real principal. It was his intention by so doing to disguise his real character, as he did not want to be known in the matter. As to the contention that the commission was to be paid only on condition that the deal went through, there is at most a conflict in the evidence. It does not appear that plaintiff ever made such agreement, and the writing certainly makes no such condition. The court below heard the evidence and saw the witnesses, and as its finding is based upon sufficient evidence to support it, we cannot disturb it.

The nonsuit was properly denied.

The evidence sustains the findings complained of, and it would serve no useful purpose to discuss it at greater length.

The judgment and order should be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Lorigan, J., Henshaw, J.

[1] 45 Am. Rep. 314.          [3] 21 Am. Rep. 617.

[2] 3 Am. Rep. 711.