MISSISSIPPI VALLEY CONSTRUCTION COMPANY *v.* CHARLES T. ABELES & COMPANY.

Opinion delivered September 28, 1908.

1. AGENCY—SALE TO AGENT OF UNDISCLOSED PRINCIPAL.—Where a party deals with an agent, without knowledge of such agency, he may, within a reasonable time after discovering the agency, treat the principal as the person with whom he contracted, and hold him alone responsible for the debt. (Page 378.)

2. AGENCY—APPARENT AUTHORITY.—One employed to superintend the erection of a building has apparent authority to buy material necessary to complete the building, and to bind his principal therefor, notwithstanding secret instructions to the contrary. (Page 379.)

3. CORPORATION—FAILURE OF OFFICERS TO FILE CERTIFICATE—LIABILITY.— Where the president and secretary of a corporation neglect or refuse to file the certificate required by Kirby's Digest, section 848, they become liable under section 859, *Id.,* for all debts of such corporation contracted during the period of such neglect or refusal. (Page 379.)

Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; affirmed.

STATEMENT BY THE COURT.

Appellee sued one M. F. Bain in a justice's court on account for $114.24. Afterwards, on motion of appellee, appellants, Mississippi Valley Construction Company and Zeb Ward, were made parties defendant. On the trial day in the justice's court, the cause was dismissed as to Bain, and judgment by default was taken against appellants. They appealed to the circuit court. The cause was tried by jury in the circuit court upon the following undisputed evidence:

"The Mississippi Valley Construction Company made a contract with one Frank to erect for him a building and furnish all the materials; that one Bain was to have half of the profits and was employed by said Mississippi Valley Construction Company to superintend the erection of said building and to purchase the material for the same; that the president of the company, Zeb Ward, instructed him to buy all of the material from the Rock Creek Lumber Company and from no one else, but there was a part of the material needed for the erection of said building that said Bain could not get from the Rock Creek Lumber Company, and he bought this from the plaintiff, Chas. T. Abeles & Com-

pany, and that this lumber is the bill sued on herein; that all of said lumber was used in erecting said building, and the defendant, the Mississippi Valley Construction Company, received pay from said Frank for the whole contract price of said building, in which the lumber and building materials shown on the account sued on were used, and that it has never paid the plaintiff for the same, and that the price charged by plaintiff in said account for said materials is reasonable."

"That there was a sign on the building which the defendant, the Mississippi Valley Construction Company, was erecting which had on it in large letters, 'CONTRACTORS, MISSISSIPPI VALLEY CONSTRUCTION COMPANY AND BAIN.' That the president of the defendant Company, Zeb Ward, knew that this sign was on the building. That said Ward testified that he did not know the material bought of the plaintiff was used in said building till it had been so used when the bill was sent to him, and he refused to pay it. The evidence showed that all the material shown on the bill sued on was purchased by Bain, and all was charged to him on the books of the plaintiff as it was delivered, and was not charged on their books to either defendant. And at first the plaintiff brought this suit against Bain alone, when he told the plaintiff that the Mississippi Valley Construction Company owed the bill, and not himself. Then the plaintiff made out the bill against the defendants, the Construction Company and said Ward, and made them parties to the suit, using the same account, but before the trial in the circuit court the plaintiff made out its bill against the defendants, the Construction Company and said Ward, which bill was duly verified and filed, and may be considered as copied herein as the same has been lost.

"It was admitted by the defendants that the Mississippi Valley Construction Company is a corporation organized under the laws of Arkansas, in 1901, and has been doing business in this State ever since, and that the president, Zeb Ward, was elected its president at its organization, and is now its president, and has been continuously since it was incorporated, and that no annual statement of said corporation signed by its president and the secretary or by any one else has ever at any time been filed with the county clerk of Pulaski County, Arkansas, which is the domicil of said company.

"That said Ward was absent in Texas most of the time during the construction of said building, and he left Bain as superintendent of the defendant company to construct and complete the building under the contract with Frank; that Bain had a half interest in the profits of erecting the building; that Ward was here about the time the building was finished, and the material sued on in the account of the plaintiff was purchased by Bain to complete the building, and was so used, and was a very small part of the material used in its construction, and was material he could not get from the Rock Creek Lumber Company, and was necessary to complete the building under the contract of the defendant company, and had not been paid for."

At the request of appellee the court gave the following instructions:

"1. If you believe from the evidence that the material in the account was sold and delivered by the plaintiff, and the same was used in the Frank building; that the Mississippi Valley Construction Company was the contractor to build said building, and under its contract was to pay for all material that went into said building, then the said Mississippi Valley Construction Company would be liable for the account sued on for the amount the evidence shows to be due on the same.

"2. If you find the Mississippi Valley Construction Company liable in this case, then it is admitted that Zeb Ward has been the president of said company from its organization in 1901, and that no annual statement signed by him as president and the secretary of the company was ever filed with the county clerk, then you will also find against Zeb Ward for whatever you find due from the defendant, Mississippi Valley Construction Company."

To the giving of these appellants properly saved their exceptions.

The court refused the following prayer of appellants:

"1. If the jury find that the Mississippi Valley Construction Company was a corporation, then it can be bound only by the acts of its authorized agents; and the jury cannot find a verdict against said company unless it by its authorized agents contracted for the goods sued for."

The appellant requested the court to give the following:

"2.  If the jury find that Bain was instructed to buy goods of no one but the Rock Creek Lumber Company, and that he was told by the Mississippi Valley Construction Company or its president to buy goods of no one except the Rock Creek Lumber Company, then they should find for the defendant."

The court refused this prayer, but added the words: "Unless said company knew of said purchase and made no objection thereto," and gave it as thus modified.

The appellants properly saved their exceptions to the court's rulings.

After verdict and judgment for appellee, appellants filed their motion for new trial, assigning as error the rulings to which they had saved exceptions.  The motion was overruled, and this appeal followed.

*Eben W. Kimball,* for appellants.

1.  Neither of the appellants is liable.  Bain had no authority to buy this material, except from one concern, and Ward, the president, repudiated the claim and liability as soon as he heard of it.  The material was sold and credit extended to Bain only, and to him alone was it charged.  A material man has no lien upon the building in which the materials were used, unless he intends to look to the building as security.  98 Ala. 409; 125 Cal. 28; 30 Conn. 461.  He has no such lien if the material is sold on general account.  22 Wis. 632.  There is no evidence that appellants made or ratified the contract sued on.  On the contrary, the bill was repudiated as soon as presented.  There is no privity of contract, no mutuality between appellants and appellees.  65 Ark. 27.

2.  The president of the corporation cannot be held liable in this action because of failure to make the annual reports required of corporations by law.  He is not sued as president of the corporation, nor upon any statutory liability.  No breach of the statute is set up.  68 Ark. 433; 61 Ark. 200.  There is here no action founded on the statute.  Kirby's Digest, § § 848-859.

*E. B. Kinsworthy* and *G. D. Henderson,* for appellees.

1.  Where a party deals with an agent whose agency is not disclosed, he may within a reasonable time elect to treat the after discovered principal as the person with whom he con-

tracted. 62 U. S. 287; 101 U. S. 622, 25 L. Ed. 1030; 2 L. R. A. 812. Giving credit to the agent solely relieves the principal only in cases where the creditor knew at the time of giving the credit of the relation of principal and agent, and elected to give credit to the latter. Mechem on Agency, § 699; 1 Am. & Eng. Enc. of L., (1 Ed.), 416 and note 3; 2 L. R. A. 749, and notes. The principal is liable, although the entries in the creditor's books may charge the agent. 44 N. Y. 349; 68 N. Y. 400. The creditors may sue the agent, and upon discovery of the principal dismiss such suit and proceed against the principal. 71 N. Y. 348, 27 Am. Rep. 51; 15 Hun, (N. Y.) 556; 48 Ga. 96; 18 Ill. App. 135; Mechem on Agency, § § 699, 701. Under the circumstances shown in evidence, it was within the apparent scope of Bain's authority to purchase this material from appellees. They would have been justified in furnishing him the materials, even if they had had knowledge of the instructions given him, but they had no such knowledge. 49 Ark. 323; 26 U. S. 46, 7 L. Ed. 47.

2. It is admitted that the annual statements required by statute were not made. No formal pleadings are required in courts of justices of the peace. The president is liable. Kirby's Digest, § 859; 68 Ark. 433; Kirby's Digest, § 4580.

WOOD, J., (after stating the facts). First. The judgment is correct. While Bain purchased the material sued for in his own name, and without disclosing his principal, and while credit was extended to him as the supposed principal, it was nevertheless true that he was the agent of appellant Construction Company, and was clothed with the authority to buy the material to be used in the construction of the building. The proof shows that appellee did not know that Bain was the agent of the construction company when the credit was extended to him, and that as soon as this agency was discovered appellee elected to proceed againt the Construction Company, instead of its agent Bain. The doctrine is well settled that where a party deals with an agent without any disclosure of the agency, and without any knowledge thereof, he may elect to treat the after-discovered principal as the one with whom he contracted, and hold him alone responsible for the debt, provided the election is made within a reasonable time after the discovery. *Benjamin* v. *Birmingham,* 50 Ark. 433. See cases cited in appellee's brief.

The agent, Bain, under the proof, was certainly clothed with the apparent authority to make the purchase from appellee. *Jacoway* v. *Ins. Co.,* 49 Ark. 323. This being true, appellant Construction Company was liable, notwithstanding any secret instructions to Bain to purchase the material from another. See cases cited in appellant's brief in *Jacoway* v. *Insurance Co., supra.*

These principles rule this case and establish the correctness of the judgment upon the uncontroverted proof, notwithstanding the rulings of the court upon the prayers for instructions may not have been technically correct.

Second. Appellant Ward was liable under section 859 of Kirby's Digest making the debt as to him, under the facts, a statutory liability. See *Nebraska Nat. Bank* v. *Walsh,* 68 Ark. 433.

The objection, raised here for the first time, that the account filed contained no statement showing his liability under the above statute cannot avail. There were no written pleadings, and none required. The evidence taken without objection at the trial showed his liability under the statute, and warranted the judgment against him.

Affirm.