E. CHASE CROWLEY, Appellant, *v.* JOSEPH H. LEWIS, JR., et al., Respondents.

**Contracts under seal not enforcible against undisclosed principals.**

A contract under seal may not be enforced against persons not parties to the instrument on the theory that they are undisclosed principals in whose behalf the contract was executed. (*Harris* v. *Shorall,* 230 N. Y. 343, explained; *Briggs* v. *Partridge,* 64 N. Y. 357, followed.)

*Crowley* v. *Lewis,* 209 App. Div. 903, affirmed.

(Submitted November 25, 1924; decided January 21, 1925.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 25, 1924, which affirmed an order of Special Term granting a motion by defendants for judgment on the pleadings.

The following question was certified:

"Does the complaint herein state facts sufficient to constitute a cause of action against the defendants Frank T. Lewis, Mary A. Lewis, Jane A. Scofield and Lillian D. Allen?"

*Frederick W. Behr* and *E. Chace Crowley* for appellant. Undisclosed principals may be held to a contract under seal which does not mention their names. (*Harris v. Shorall,* 230 N. Y. 343; *Lagumis v. Gerard,* 116 Misc. Rep. 471; *Van Ingen v. Belmont,* 121 Misc. Rep. 109; *Diamond v. Talbot,* 123 Misc. Rep. 339; *Lockwood v. Smith,* 81 Misc. Rep. 334; *Staff v. Bemis Realty Co.,* 111 Misc. Rep. 635; *Smart Set S. S. Co., Inc., v. Franklin Knitting Mills,* 191 App. Div. 33; *DeMille Co. v. Casey,* 121 Misc. Rep. 78, 80; *Wood v. Wise,* 153 App. Div. 225; *Helburn v. Reynolds,* 73 Misc. Rep. 73.)

*C. Parker Lattin* for respondents. An instrument under seal is not enforcible by or against an undisclosed principal. (*Case v. Case,* 203 N. Y. 263; *Briggs v. Partridge,* 64 N. Y. 357; *Schaefer v. Hinkel,* 75 N. Y. 378.)

ANDREWS, J. The question involved on this appeal is whether a contract under seal may be enforced against persons not parties to the instrument on the theory that they are undisclosed principals in whose behalf the contract was executed.

"We find no authority for the proposition that a contract under seal may be turned into the simple contract of a person not in any way appearing on its face to be a party to or interested in it, on proof *dehors* the instrument that the nominal party was acting as the

agent of another, and especially in the absence of any proof that the alleged principal has received any benefit from it, or has in any way ratified it, and we do not feel at liberty to extend the doctrine applied to simple contracts executed by an agent for an unnamed principal so as to embrace this case." (*Briggs* v. *Partridge,* ·64 N. Y. 357, 365.)

Neither do we find any authority since 1876 in this court for the proposition. *Briggs* v. *Partridge* has been cited by us many times with no hint of disapproval. (*Kiersted* v. *Orange & A. R. R. Co.,* 69 N. Y. 343; *Beardsley* v. *Duntley,* 69 N. Y. 577; *Williams* v. *Gillies,* 75 N. Y. 197; *Schaefer* v. *Henkel,* 75 N. Y. 378; *Tuthill* v. *Wilson,* 90 N. Y. 423; *Whitford* v. *Laidler,* 94 N. Y. 145; *Henricus* v. *Englert,* 137 N. Y. 488; *Elliott* v. *Brady,* 192 N. Y. 221; *Case* v. *Case,* 203 N. Y. 263.) We repeat that we do not feel at liberty to change a rule so well understood and so often enforced. If such a change is to be made it must be by legislative fiat.

Certainly nothing was said in *Harris* v. *Shorall* (230 N. Y. 343) which indicated any such disposition upon our part even had the language there used been necessary for the decision. As pointed out, the importance of the seal in this State has been much diminished; and we referred to certain cases bearing upon the question as to whether a contract under seal might be varied or discharged by a parol agreement and to some conflict upon this point, and we gave some intimation that we might be ready to follow the suggestion made by us upon this subject in *Thomson* v. *Poor* (147 N. Y. 402). We had no thought, however, that all distinctions between sealed and unsealed instruments were swept aside. Such an idea would have been impossible if for nothing else because of the rules contained in our statutes with regard to the limitations of actions. Equally impossible is such an idea with regard to the subject now before us. Thousands of sealed instruments must have been executed

in reliance upon the authority of *Briggs* v. *Partridge.* Many times the seal must have been used for the express purpose of relieving the undisclosed principal from personal liability. It may not be unwise to preserve the distinction for this especial purpose. But whether wise or unwise the distinction now exists.

The complaint asks for the specific performance of a contract under seal whereby the plaintiff agreed to exchange a deed conveying certain premises for a $35,000 mortgage upon other lands. The contract is annexed to the complaint and it does not mention the respondents by name. It is signed by the plaintiff and the defendant Joseph H. Lewis and all the covenants therein contained are the covenants of the parties thereto. The respondents are sought to be held simply upon the allegation that they were undisclosed principals of their agent Lewis. This may not be done.

The order appealed from should be affirmed, with costs, and the question certified to us should be answered in the negative.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN and LEHMAN, JJ., concur; CRANE, J., absent.

Order affirmed.