C. E. HUMPHREY and M. A. DAVIS, *Plaintiffs in Error*, v. JAMES R. BUSSEY and F. C. L. REALTY COMPANY, a Corporation, *Defendants in Error*.

En Banc.

Opinion filed June 2, 1930.

*Henry E. Williams, C. W. Lawrence* and *Herman Siegal,* for Plaintiffs in Error.

*Bussey, Mann & Barton,* for Defendants in Error.

ELLIS, J.—This case is here upon a writ of error taken by C. E. Humphrey and M. A. Davis to a judgment in favor of the defendants, F. C. L. Realty Company, a corporation, and James R. Bussey on demurrer to the first count of the declaration. The remaining counts numbered from two to eight inclusive were treated by the Court as having been dismissed under the rule requiring a copy of the cause of action to be served or filed with the declaration or ten days before the rule day succeeding the filing of the declaration. See Rule 14, Rules of Circuit Courts— Law Actions; Section 4313, Comp. Gen. Laws 1927 (Section 2647, Rev. Gen. Stats. 1920).

The courts numbered from two to eight were common counts for goods bargained and sold, for work done and materials furnished; money lent by the plaintiffs to the defendants, money paid by the plaintiffs for the defendants at their request, money received by the defendants for the use of the plaintiffs, account stated and money payable by the defendants to the plaintiffs for messuage and land sold and conveyed by the plaintiffs to the defendants.

The controversy turns mainly upon the question whether the first count is an action of covenant upon a sealed instrument or upon an implied simple contract against the defendants as undisclosed principals in a contract for the purchase of the plaintiff's lands.

The contract which is attached to the declaration but constitutes no part of it is a sealed instrument but not signed by either F. C. L. Realty Company or James R. Bussey. Five promissory notes alleged to have been given in part payment for the purchase price of the land and which were signed by the F. C. L. Realty Company, two of which payable to the order of C. E. Humphrey and three to the order of M. A. Davis, are also attached to the declaration but not made a part of it. There is also attached to the declaration, but not made a part of it, a mortgage executed by the F. C. L. Realty Company to the plaintiffs Humphrey and Davis to secure the payment of the notes and a deed of conveyance to the F. C. L. Realty Company from R. L. Smart conveying the lands sold.

The declaration in the first count alleges that the plaintiffs on the 29th day of April, 1925, sold the lands described to ''W. A. Fuhrmann, acting as agent for the defendants'' James R. Bussey and F. C. L. Realty Company, a corporation, for the price of one hundred and ninety-two thousand dollars; that at the time of executing the contract Fuhrmann, ''acting as agent,'' paid one thousand dollars and

ten days later four thousand dollars more on the purchase price, which money it is alleged was furnished to Fuhrmann by the defendants for that purpose. It is also alleged that on the 12th day of June, 1925, the F. C. L. Realty Company paid to the plaintiffs twenty-seven thousand five hundred dollars more on the purchase price of the land and that one-half of that sum was supplied by Bussey for that purpose.

It is alleged that the F. C. L. Realty Company executed the promissory notes and the mortgage. It is alleged that the notes were dated June 12, 1925, and were payable as follows, in the following amounts: One for $6,250, payable June 12, 1927, to the order of M. A. Davis; one for $12,000, payable June 12, 1928, to the order of M. A. Davis; one for $7,750, payable June 12, 1927, to the order of C. E. Humphrey; one for $7,000, payable June 12, 1926, to the order of C. E. Humphrey, and one in the sum of $7,000, payable June 12, 1927, to the order of M. A. Davis.

The declaration was filed on July 2, 1927. The notes were for a sum of money aggregating forty thousand dollars and payment to be distributed through a period of years from June 12, 1926, to June 12, 1928. They were separate obligations of the F. C. L. Realty Company to C. E. Humphrey and M. A. Davis. The following paragraph in the first count of the declaration appears:

"And on said 12th day of June, 1925, said F. C. L. Realty Company, to secure the payment of said notes, executed and delivered to plaintiffs a mortgage upon the above described premises, which mortgage contained a provision whereby if any part of the indebtedness mentioned in said notes should be behind and unpaid for a period of thirty (30) days, the plaintiffs should have the right to declare the whole sums men-

tioned in said notes as immediately due and payable, and a part of the sums mentioned in said notes having been due and unpaid for more than thirty (30) days, the plaintiffs have elected to declare the whole of said sums mentioned in said notes as immediately due and payable. A copy of said mortgage is attached hereto and marked 'Exhibit B.' "

The declaration alleges that at the time of sale the property belonged to the plaintiffs; that it was purchased by the defendants, who took it and enjoyed it as their own; that it was conveyed by warranty deed to the F. C. L. Realty Company which "took the deed in its own name as trustee for itself and defendant, James R. Bussey, as equal partners, by a previous agreement between the said defendants, receiving title as trustee for the use and benefit of each of the defendants, and such title by operation of law inured to the benefit of both the defendants and they became liable in law to pay the purchase price, and the purchase price thereof was the right and property of the plaintiffs."

It is also alleged that at the time of making and signing the notes the plaintiffs did not know that Fuhrmann was acting as agent for both the defendants but they believed he was acting for the F. C. L. Realty Company only and that the plaintiffs learned just prior to instituting the suit that both defendants "were the undisclosed principals of said Fuhrmann and that said James R. Bussey was the undisclosed partner of the F. C. L. Realty Company in the purchase of said real estate; and it was understood and agreed between the said James R. Bussey and F. C. L. Realty Company that the notes represented an indebtedness of each of them and that they would each join in paying them."

It is also alleged that subsequently to the purchase of the

property the defendants sold the land to another and received a "net cash payment" of one hundred thousand dollars and "other proceeds of sale which were equally divided" between them.

The action as set out by the declaration is neither upon the notes or mortgage but is clearly set out in the closing paragraph of the first count in which it is alleged that "there is now due and owing to the plaintiffs by the defendants on account of the purchase price of the above described premises, the sum of forty thousand dollars ($40,000.00)" with interest and "though often requested so to do defendants have failed and refused to pay said sum of money, or any part thereof, and still refuse so to do."

As a general rule the contract of an agent who deals in his own name without disclosing that of his principal is the contract of the principal. When discovered the principal may be held liable unless it clearly appears that the contracting party intended to give exclusive credit to the agent. See Violett v. Powell, 10 B. Mon. (Ky.) 347, 52 Am. Dec. 548; Kempner v. Dillard, 100 Tex. 505, 101 So. W. R. 437, 123 A. S. R. 822; Gay v. Uren, 109 Minn. 101, 123 N. W. R. 295, 26 L. R. A. (N. S.) 742; Murphy v. Cane, 82 N. J. L. 557, 82 Atl. R. 854, Ann. Cas. 1913 D 643, and other cases cited in 21 R. C. L. p. 890. See also 2 C. J. 840.

The rule, however, applies only to executory contracts. Where the contract has been fully executed by the agent the principal is not liable. See Ranger v. Thalmann, 84 App. Div. (N. Y.) 341, 82 N. Y. Supp. 846; Dykers v. Townsend, 24 N. Y. 57.

But this is not a case where the contract has been executed by the agent. It has been executed by one only of the undisclosed principals.

In the case of an executory or unperformed contract when it does not appear that credit was extended solely or exclusively to the agent the rule of liability of the undisclosed principal applies in both English and American Jurisprudence. See Mississippi Valley Const. Co. v. Abeles & Co., 87 Ark. 374, 112 So. W. R. 894; Merrill v. Kenyon, 48 Conn. 314; Curran v. Holland, 141 Cal. 437, 75 Pac. R. 46; Simpson v. Patapsco Guano Co., 99 Ga. 168, 25 So. E. R. 94; Guest v. Burlington Opera House Co., 74 Iowa 457, 38 N. W. R. 158; Ware v. Long, (Ky. Law R.) 69 So. W. R. 797; Maxcy Mfg. Co. v. Burnham, 89 Me. 538, 36 Atl. R. 1003, 56 Am. St. R. 436; Tobin v. Larkin, 183 Mass. 389, 67 N. E. R. 340; Hunter v. Giddings, 97 Mass. 41, 93 Am. Dec. 54; Weber v. Collins, 139 Mo. 501, 41 So. W. R. 249; Greenburg v. Palmieri, 71 N. J. L. 83, 58 Atl. R. 297; Waddell v. Sebree, 88 Va. 1012, 14 So. E. R. 849; Pennsylvania Casualty Co. v. Washington Portland Cement Co., 63 Wash. 689, 116 Pac. R. 284; Ford v. Williams, 21 How. (U. S.) 287, 16 L. Ed. 36; 2 Mechem on Agency, p. 1314; Kayton v. Barnett, 116 N. Y. 625, 23 N. E. R. 24.

We are not concerned to any great extent with the reason upon which the rule rests, whether upon the theory of an equitable subrogation to the agent's rights against the principal or whether it rests upon the deceit of the principal in holding out some one other than himself as the principal or whether it rests upon the obligations enforced in assumpsit that the undisclosed principal should be held liable because he was really the one who caused the plaintiff to act to his detriment. There is an excellent discussion of the subject by Mr. William Draper Lewis in the 9 Columbia Law Review 116.

It is generally conceded that the rule is an anomaly in that it is contrary to the common law conception of con-

tracts and according to some writers is sustained upon the theory that it is the duty of the principal to exonerate the agent from the liability incurred on his account therefore the other party should be permitted in equity to avail himself of this liability of the principal to the agent thereby putting the liability ultimately where it justly belongs upon the principal on whose account the contract was made. 2 Mechem on Agency (2nd Ed.) 1315 n.

This, however, is not a suit on the notes or the mortgage but outside of the notes and mortgage which latter is merely a security for the payment of the former and rests upon the original consideration for the purchase price of the land. The fact that the mortgage is referred to in the declaration and the plaintiffs assert the right under a covenant therein to accelerate the due date of the entire debt does not convert the action into one of covenant. Nor is it an action on the notes which are not under seal. It is upon the implied promise to pay for the land by the real parties interested, those whose activities caused the plaintiffs to convey their land to the defendants for the price agreed upon by their agent. See Harris v. McKay, 138 Va. 448, 122 So. E. R. 137; Story on Agency (9 Ed.), Sec. 160; Coaling Coal and Coke Co. v. Howard, 130 Ga. 807, 61 So. E. R. 987, 21 L. R. A. (N. S.) 1051.

The notes are not under seal. They are therefore simple contracts. One simple contract does not merge or liquidate another simple contract and the declaration alleges and the demurrer admits that at the time of the making and signing of the notes the plaintiffs did not know that Fuhrmann was acting for *both* defendants. If no notes had been given and the conveyance had been made by the plaintiffs to both defendants the plaintiff's right to bring an action against them for the purchase price of the land would be undisputed. As the conveyance was made to only one of

the principals at their request would it have altered the plaintiffs' right to demand and sue both principals for the purchase price? The fact that one principal was undisclosed and unknown at the time to plaintiffs would not preclude them on discovery of the other principal to hold him responsible along with his joint adventurer for the price of that property which both of them caused to be conveyed to one of them.

The dissenting opinion of Mr. Justice LUMPKIN in the case of Coaling Coal & Coke Co. v. Howard, *supra*, is based upon the premise that the action was upon the notes and not upon the contract behind them. It is unnecessary to determine here whether the plaintiffs could avail themselves of the rule as to the liability of undisclosed principal in case this action had been upon the notes of the Realty Company.

Nor does the rule obtain in this case that the contract with Fuhrmann being under seal merged the simple contract of the defendants into a formal one because the contract not only disclosed that Fuhrmann was acting as agent for another but the seal which was unnecessary to the validity of the agreement, as it would have been valid under the statute of frauds without it, may therefore be treated as surplusage but it was ratified and acted upon by the principals by paying part of the purchase price and causing the conveyance to be made pursuant to its terms to them or to one of them for the use of both.

In this view of the case the demurrer to the first count was improperly sustained. There was also error in striking the remaining counts under Rule 14 of Circuit Courts, Law Actions. The entry of default upon those counts was improperly vacated. Charles v. Young, 74 Fla. 298, 76 So. R. 869.

1258

Reversed.

TERRELL, C. J., AND WHITFIELD, STRUM AND BUFORD, J. J., concur.

BROWN, J., dissents.