BYRUM, Respondent, v. DILTS, Appellant.

(183 N. W. 974.)

(File No. 4878. Opinion filed July 16, 1921.)

1. **Evidence—Realty Sale—Recovery of Commission—Sale Contract to Plaintiff But Sale to Third Party—Testimony Re Real Purchaser, Admissibility.**

   In a suit to recover commission on realty sale, defendant having executed and delivered to plaintiff his receipt for part of purchase money as for a sale to plaintiff, embodying also terms and conditions of a sale and payments thereunder; held that oral testimony tending to prove plaintiff was not the real purchaser was admissible against objection that it varied terms of written contract; the capacity in which one acts concerning a contract being provable by oral testimony where the terms are not otherwise varied.

2. **Contracts—Broker's Suit for Commission Re Realty Sale—Plaintiff a Broker or Purchaser, Sale Price—Oral Testimony Admissible—Evidence Sufficient.**

   In a suit to recover for broker's commission on realty sale of land at $90 per acre, not only was evidence admissible to vary a receipt from vendor to plaintiff showing sale to latter, by showing who was real purchaser, but held, evidence sustained verdict for plaintiff for commission as claimed.

3. **Brokers—Suit for Commission—Whether Plaintiff a Broker, Or He (as shown in writing) or Third Party Purchaser at Higher Price—Instruction Re Recovery.**

   Where, in a suit to recover a commission on a realty sale, defendant gave plaintiff a receipt showing the latter a purchaser, and specifying terms and conditions of sale and payment thereunder; undisputed evidence showing plaintiff not the purchaser, there being evidence that one of two third parties was purchaser; and that plaintiff was to have $1 per acre com-

mission and in addition one-half of any excess over $84 per acre on purchase price; **held,** that court properly instructed it was undisputed that plaintiff's name was inserted in the contract merely as a convenience and as a means of conveying the land to the real purchaser, that under such facts plaintiff was entitled to recover commission on basis of $84 per acre, unless jury found plaintiff had sold the property to one M, and knew that M. was able, ready and willing to pay more than $90 per acre, that if preponderance showed sale was to M, directly or indirectly through L. or others plaintiff could not recover commission and should also account to defendant for difference between $90 per acre and what 'M. was ready, etc., to pay, that burden was on defendant to show plaintiff was selling to M. and in such case verdict should be for defendant.

Appeal from Circuit Court, Aurora County. Hon. FRANK B. SMITH, Judge.

Action by E. E. Byrum, against Fred Dilts, to recover a commission on realty sale. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Brown & Brown,* for Appellant.

*W. D. Shouse,* and *Spangler & Wire,* for Respondent.

(2) To point two of the opinion, Appellant cited: Schweitzer v. Connor ('Wis.) 14 N. W. 922; Schriner v. Dickinson, 20 S. D. 433, 107 N. W. 536.

Respondent cited: Jones on Ev., p. 595, Sec. 742.

McCOY, J. Action to recover $1,280 commission and interest on a sale of real estate owned by defendant. From a judgment in favor of plaintiff, defendant appeals.

It appears from the record that defndant listed for sale with plaintiff the land in question at a minimum price of $84 an acre, or as much more as could be secured, and that defendant agreed that, if plaintiff found a purchaser, defendant would pay the plaintiff a commission of $1 an acre and in addition thereto one-half of any excess over $84 an acre for which said land might be sold. Thereafter plaintiff reported to defendant that he had secured a purchaser for said lands who was able, ready, and willing to purchase the same for $90 an acre on the prescribed terms, and thereafter the following instrument was signed by defendant and delivered to plaintiff:

"June 3, 1919.

"Received from E. E. Byrum, of White Lake, S. D., post

office, two thousand dollars ($2,000) as part payment for the purchase of the following described lands situated in Aurora county, South Dakota: The east one-half (E. ½) of section thirty-one (31), township one hundred four (104), range sixty-six (66)—which I have this day sold at the agreed price of $90 per acre payable as follows: Two thousand dollars cash as stated above, the receipt whereof is hereby acknowledged. Five thousand dollars on the delivery of an abstract showing a good and merchantable title. Eight thousand eight hundred dollars March 1, 1920, and the balance of thirteen thousand dollars to be paid as follows: To assume a mortgage now against the northeast quarter and to give a mortgage for the balance on the southeast quarter, dated March 1, 1920, and drawing interest from that date at the rate of 6 per cent. The payments of $5,000 and $8,000 are without interest to said March 1st, at which date said first party agrees to execute and deliver a warranty deed, and said first party has the free use and possession until March 1, 1920.

Fred A. Dilts."

Thereafter for value received the plaintiff sold and assigned all his rights and title to said instrument to one Loevinger, who thereafter assigned said contract to one MacDonald. It appears from the undisputed evidence of both parties that plaintiff was not the real purchaser in fact of said land under said contract. The plaintiff testified that at the time said instrument was executed he informed defendant that he (plaintiff) was not the real purchaser, that the real purchaser did not desire that his name should appear in the contract, and that defendant consented to the use of plaintiff's name in said instrument, instead of the name of the real purchaser. Plaintiff also testified that Loevinger was the real purchaser, and that he subsequently assigned said contract to Loevinger, and that Loevinger thereafter sold and assigned the same to MacDonald.

It is the contention of defendant that plaintiff in fact procured MacDonald in the first instance as the real purchaser of said land for $100 per acre, and that the assignment of the contract to Loevinger and by him then to MacDonald was a fraudulent act, for the purpose of deceiving defendant and fraudulently depriving him of $10 per acre on said land. Defendant and his wife testified that plaintiff informed them at the time of the

execution of said instrument that the land had been sold to Mac-Donald, but requested that the contract be made in the name of plaintiff, for the reason that MacDonald resided in Sioux Falls and did not desire to stay, but wanted to go back. Plaintiff also testified that he had procured Loevinger as the real purchaser, and denied that at the time he secured Loevinger as such purchaser he had any knowledge or any agreement or connection with MacDonald in relation to the sale of said land. Loevinger testified that he alone had the deal with MacDonald, subsequent to the time plaintiff entered into said contract on behalf of said Loevinger.

[1] Appellant first assigns as error the admission of testimony tending to prove that plaintiff was not the real purchaser under said contract, on the ground that such oral testimony tended to vary the terms of a written contract. We are of the opinion that the objection was properly overruled. The capacity in which a person acts in relation to a contract may be shown by oral testimony, where the terms are not otherwise varied. Jones, Evidence (2d Ed.) § 452; Curran v. Holland, 141 Cal. 437, 75 Pac. 46.

[2] Appellant also assigns the insufficiency of the evidence to justify the verdict, in that the undisputed evidence shows that plaintiff and defendant entered into a written contract by the terms of which plaintiff agreed to purchase from defendant the said premises for the sum of $90 an acre, and that oral evidence was inadmissible to contradict or vary such contract. We are of the opinion that under the circumstances of this case such oral testimony was properly admitted to show the capacity in which plaintiff acted under said contract for the reasons hereinbefore stated. We are of the opinion that there was substantial evidence submitted, which was evidently believed by the jury, to sustain a verdict for plaintiff.

[3] Appellant also assigns as error the giving of certain instructions. In substance the court instructed the jury that it was undisputed that both parties understood that plaintiff was not the real purchaser; that his name was merely being inserted in the contract as a convenience, and as a means of conveying said land to the real purchaser, and that defendant signed said contract without any objection to that condition; that under such undis-

21—Vol. 44, S. D.

puted facts the plaintiff was entitled to recover his commission and interest in the sum of $1,390, unless they found from the evidence that plaintiff had sold said property in fact to Mac-Donald, and knew that MacDonald was able, ready, and willing to pay more than $90 an acre for said land, and that this was the question the jury would have to consider; that if the evidence showed by a fair preponderance that plaintiff had sold the land to MacDonald, either directly or indirectly, through Loevinger or others, then plaintiff could not recover any commission, and he should also account to the defendant for the difference between $90 per acre, which the contract called for, and what Mac-Donald was ready, able, and willing to pay for the land; that the burden of proof was on the defendant to show that plaintiff was selling the land to MacDonald, either directly or indirectly, through Loevinger or others, and in such case, if you so find, your verdict should be for the defendant.

Appellant contends that the court erred in this charge in instructing the jury: First, that it was undisputed that plaintiff's name was inserted in the contract merely as an avenue or means through which the transfer should be made to the real purchaser; second, that the court erred in charging that the burden of proof was on the defendant; and, third, that the court erred in instructing the jury that plaintiff was entitled to recover the sum of $1,390, unless they found from the evidence that plaintiff was selling to MacDonald for more than $90 an acre. We are of the opinion that none of these contentions are tenable. We are of the view that the instructions as a whole clearly and properly presented the true issue under the evidence. All assignments of error have been duly considered.

Finding no error in the record, the judgment and order appealed from are affirmed.